[No. 9003.   Department One.   November 23, 1910.]

LYTLE LOGGING & MERCANTILE COMPANY, *Appellant*, v.
HUMPTULIPS DRIVING COMPANY *et al., Respondents.*[1]

TRESPASS—TREBLE DAMAGES—WHEN ALLOWED—STATUTES.   Upon trespass for cutting and carrying away timber, and for altering the course of a river, Rem. & Bal. Code, § 939, allows treble damages only for the cutting and removal of the timber.

SAME—CUTTING TIMBER—LAWFUL AUTHORITY — APPEAL—REVIEW VERDICT—EVIDENCE—SUFFICIENCY.   Under Rem. & Bal. Code, §§ 939, 940, giving treble damages for cutting or carrying off trees or timber without lawful authority, unless the trespass was casual or involuntary, a verdict for single damages, upon an unsupported finding that the trespass was casual or involuntary, will not be disturbed on appeal, where the evidence showed that the cutting was authorized by the plaintiff's superintendent who requested an accurate account of all timber cut; since it warranted a finding that it was not cut *without lawful authority.*

CORPORATIONS—TORTS—OFFICERS—LIABILITY.   Where the president and general manager of a corporation directs a trespass to be committed, both are jointly and severally liable for the torts of the latter.

[1]Reported in 111 Pac. 774.

Appeal by plaintiff from a judgment of the superior court for Chehalis county, Irwin, J., entered April 16, 1910, upon the verdict of a jury rendered against one of the defendants, and in favor of the other defendant, in an action in tort. Affirmed in part and reversed in part.

*C. W. Hodgdon* and *W. H. Abel,* for appellant.

*Bridges & Bruener,* for respondents.

Rudkin, C. J.—This action was instituted by the plaintiff against the Humptulips Driving Company, a corporation, and A. P. Stockwell, its president and general manager, to recover damages for changing the course or channel of the Humptulips river upon and across certain lands owned · by the plaintiff, and for cutting and removing timber therefrom. The jury returned a verdict in favor of the plaintiff in the sum of $452.70 for cutting and removing the timber, and in the further sum of $600 for changing the course or channel of the stream. From a judgment entered on this verdict, the plaintiff has appealed.

The principal errors assigned arise out of the refusal of the court to award treble damages for the trespass, or to give judgment against the respondent Stockwell. Rem. & Bal. Code, § 939, provides that,

"Whenever any person shall cut down, girdle, or otherwise injure or carry off any tree, timber, or shrub on the land of another person, . . ·. without lawful authority, in an action by such person, . . . against the person committing such trespasses, or any of them, if judgment be given for the plaintiff, it shall be given for treble the amount of damages claimed or assessed therefor, as the case may be."

The following section provides that,

"If upon the trial of such action it shall appear that the trespass was casual or involuntary, or that the defendant had probable cause to believe that the land on which such trespass was committed was his own, or that of the person in whose service or by whose direction the act was done, . . . judgment shall only be given for single damages."

While the appellant in the present action claimed treble damages for the entire trespass, it is apparent, under the statute, that treble damages can only be allowed, if at all, for cutting down and carrying off the timber. We are not much impressed with the claim of the respondents that they in good faith believed, or had probable cause to believe, that the land upon which the trespass was committed belonged to the firm of Walker Brothers, whose consent they had obtained to cut and remove the timber, for a considerable portion of the timber was cut and removed after the respondents had actual notice that the land belonged to the appellant. But however this may be, it appears from the testimony that the appellant's superintendent visited the land upon which the trespass was committed, in the month of July, and again in October and in the latter part of November, 1908. On each of these visits he stopped at the camps maintained by the respondents, and the relations between the parties were intimate and friendly. There is testimony tending to show that, on his first visit, he pointed out the section or lot lines to the foreman of the respondent company, and requested him to keep an accurate account of all timber he might cut. A like request was made of the respondent Stockwell on a subsequent date. From this testimony the jury were warranted in finding that the timber was not cut *without lawful authority,* or, in other words, that the appellant acquiesced in and consented to the cutting and removal of the timber, subject to an accounting for its actual value. For this reason we are not disposed to disturb the finding of the jury that the trespass was casual or involuntary, and the judgment as to the respondent corporation will stand affirmed.

On the other hand, the testimony clearly shows that the trespass was committed by direction of the respondent Stockwell, who is the president and general manager of his corespondent. Under this state of facts, the court instructed the jury that Stockwell was not individually liable, if he

acted in good faith as an officer of the company, and not with a wilful intent to commit a trespass upon the lands of the appellant. This instruction was erroneous under repeated rulings of this court, for in such cases the master and servant are jointly liable for the torts of the latter. *Lough v. John Davis & Co.*, 30 Wash. 204, 70 Pac. 491, 74 Am. St. 848, 59 L. R. A. 802; *Sipes v. Puget Sound Elec. R.*, 54 Wash. 47, 102 Pac. 1057.

The judgment must therefore be affirmed as to the respondent corporation and reversed as to the respondent Stockwell, with directions to award a new trial as to the latter. It is so ordered.

FULLERTON, GOSE, PARKER, and MOUNT, JJ., concur.