[No. 21255.  Department One.  July 9, 1928.]

F. L. DENMAN, *Appellant,* v. THE CITY OF TACOMA, *Respondent.*[1]

[1] MUNICIPAL CORPORATION (357)—STREETS—ABUTTING OWNERS— RIGHT OF ACCESS TO ROADWAY.  A property owner has no special right of ingress and egress over the parking and sidewalk space not abutting on his premises, where, under all the circumstances, he has a practical and reasonable ingress and egress without resorting to such space.

[2] MUNICIPAL CORPORATIONS (353)—STREETS—CONTROL AND REGULA- TION—REVOCATION OF PERMIT.  A permit to a property owner to make a special use of parking space not abutting on his prem- ises may be revoked, especially where no expenditures had been made under the permit.

Appeal from a judgment of the superior court for Pierce county, Remann, J., entered September 26, 1927, upon findings in favor of the defendant, in an action for an injunction, tried to the court.  Affirmed.

*A. H. Denman,* for appellant.

*E. K. Murray, Leo Teats,* and *Bartlett Rummel,* for respondent.

PARKER, J.—The plaintiff, Denman, seeks injunctive relief restraining the defendant city from making ef- fective its cancellation of a permit given by it to him to construct and maintain a driveway over and across the parking strip, sidewalk and curbing on the east side of Verde street within the projected lines of the parking strip adjoining the paved roadway of North Forty-sixth street on the north; and restraining the city from interfering with his proceeding with the con- struction and use of such proposed driveway as a vehicle way of ingress and egress to and from land owned by him, situated some two hundred feet to the

[1]Reported in 268 Pac. 1043.

east on the south side of Forty-sixth street. Trial upon the merits in the superior court for Pierce county resulted in denial of the relief prayed for by Denman and judgment of dismissal accordingly, from which he has appealed to this court.

The physical aspects of the situation in question are not seriously in dispute. Verde street runs north and south. It has a paved roadway, curbs, parking spaces and sidewalks in the parking spaces. Two hundred and forty feet east of and parallel with Verde street is Stevens street. The portion of Stevens street with which we are here concerned is wholly unimproved and is incapable of improvement by reason of the ground sloping downward very precipitously to the east and north. Forty-sixth street runs east and west, intersecting Verde and Stevens streets at right angles. Forty-sixth street has a paved roadway for a long distance west of Verde street and for a distance of some one hundred and fifty feet east of Verde street, where the pavement curves and extends southeasterly along the so-called Boulevard some two hundred feet, where the pavement again curves and extends south along Stevens street towards the central portion of the city. The paved roadway of Forty-sixth street is eighteen feet wide, situated approximately in the middle of the street, there being a parking space on the north side, but no sidewalk in that parking space. Forty-sixth street is incapable of improvement east of the west line of Stevens street.

Appellant owns a triangular tract, suitable for residence purposes, bounded on the east by Stevens street, on the north by Forty-sixth street and on the southwest by the Boulevard. This tract is the easterly remainder of the originally platted block fronting north on Forty-sixth street between Verde street and Stevens street, left by the city having acquired some

years since the right of way for the Boulevard, running in a northwesterly and southeasterly direction across that block for the purpose of making the roadways of Forty-sixth street and Stevens street continuous.

This paved roadway constitutes a portion of what is commonly known as the Point Defiance Boulevard. The acquiring of this diagonal boulevard right of way, so connecting Forty-sixth and Stevens streets, was because of the impracticability of improving Forty-sixth street and Stevens street around the northeast corner of the block. When the city paved this acquired right of way in connection with the paving of Forty-sixth street and Stevens street, it constructed along the northeasterly edge of the pavement for a distance of some four hundred feet, a wall four and one-half feet high above the surface of the pavement; this because the ground sloped considerably downward therefrom to where it drops off precipitously at the northeast corner of appellant's triangular tract. This wall, being on the curb line, extends northwesterly to a point about seventy feet east of Verde street. By reason of these physical surroundings, appellant's triangular tract has no practical vehicle ingress or egress except westward along the north portion of Forty-sixth street to and beyond the northwesterly end of the wall. Indeed, that would be its condition, even if the wall were not there, because of the topography of the ground. The boulevard has a seven per cent downward grade northwesterly along practically the whole length of the wall.

Just beyond the northwesterly end of the wall and some fifty feet east of Verde street, there is a good driveway, some twenty feet wide, across the north parking strip of Forty-sixth street, some twenty-seven feet wide, leading out to the Forty-sixth street paved

roadway. There is a roadway, not paved, but capable
of being traveled with vehicles, from appellant's land
along Forty-sixth street east and north of the wall to
the driveway at the end of the wall. It is the desire
of appellant to carry this roadway west along the
north parking strip of Forty-sixth street and across
the curb, parking strip and sidewalk on the east side
of Verde street onto the paved roadway of that street;
he insisting that he is entitled to so construct and main-
tain such a roadway for vehicle ingress and egress to
his property rather than be compelled to have his in-
gress and egress confined to the driveway leading out
onto the paved roadway of Forty-sixth street im-
mediately beyond the northwesterly end of the wall.

The only substantial conflict in the evidence is as
to whether or not that existing way is a reasonable in-
gress and egress to and from his land such as to de-
prive him of a special property right, in connection
with his land, to an outlet clear along the north park-
ing strip of Forty-sixth street over the curb, parking
strip and sidewalk on the east side of Verde street.
The trial proceeded on the part of the city upon the
theory that appellant's present outlet at the north-
westerly end of the wall furnishes him reasonable in-
gress and egress; and that the proposed crossing of
the curb, parking strip and sidewalk at Verde street
not being in front of his land, he has no such special
property right therein. The trial court decided the
case in favor of the city upon this theory. In No-
vember, 1926, the city granted to appellant a permit
to construct the proposed driveway crossing over the
curb, sidewalk and parking on the east side of Verde
street within the projected parking space north of the
Forty-sixth street pavement, and thereafter, before he
had made any expenditure of any consequence there-
for, it revoked that permit.

In Rem. Comp. Stat., § 8966 [P. C. § 678], enumerating the powers of cities of the first class, to which class Tacoma belongs, we read:

"Any such city shall have power—

. . . . . . . .

"7. To lay out, establish, open, alter, widen, extend, grade, pave, plank, establish grades, or otherwise improve streets, alleys, avenues, sidewalks, wharves, parks, and other public grounds, and to regulate and control the use thereof, . . . "

We do not understand counsel for appellant as contending that the city has exceeded its powers in improving Forty-sixth street and Verde street in the manner it improved those streets by paving, curbing, parking and sidewalking; and thereby, in effect, confining vehicle traffic by the general public to the paved roadways of those streets and to constructed driveways from the paved roadways across the sidewalks and parking spaces. Indeed, we see no room for any such contentions.

Our problem then is, has appellant a special right to a driveway over the curb, parking space and sidewalk on the west side of Verde street to afford a vehicle ingress and egress to and from his land. If the space of this proposed driveway were directly in front of his land, no doubt he would have a special property right therein of a nature differing from and superior to the right of the general public; and the city could not lawfully, by street improvement, by vacation or otherwise, impair his lawful enjoyment of such superior right. *Brazell v. Seattle*, 55 Wash. 180, 104 Pac. 155; *State ex rel. Schade Brewing Co. v. Superior Court*, 62 Wash. 96, 113 Pac. 576; *Reed v. Seattle*, 124 Wash. 185, 213 Pac. 923, 29 A. L. R. 446; *Motoramp Garage Co. v. Tacoma*, 136 Wash. 589, 241 Pac. 16; *Fry v. O'Leary*, 141 Wash. 465, 252 Pac. 111. The

holdings of these cases are invoked by counsel for appellant. We think none of them is applicable here, since they all have to do with the impairing, in some form, of the abutting owner's enjoyment of the portion of the street directly in front of his property, while the space of this proposed driveway is not directly in front of appellant's land, but is some two hundred feet west of his land and approximately fifty feet beyond the existing driveway at the end of the wall, furnishing his land vehicle ingress and egress to and from the paved roadway of Forty-sixth street.

[1] It seems to us our problem is reduced to this, has appellant's land such reasonable vehicle ingress and egress over the driveway at the end of the wall leading onto the paved roadway of Forty-sixth street as warranted the holding of the trial court that he does not have any special right of ingress and egress over the parking and sidewalk space on the west side of Verde street.

We think, as already observed, there is no room for any controversy over the geography of our problem, and that the only serious dispute in the evidence is a matter of opinion of different witnesses as to the desirability, from a practical standpoint, of appellant having his ingress and egress confined to the driveway opening onto Forty-sixth street at the end of the wall. In addition to hearing and seeing the witnesses testify, the trial judge visited and examined the locations of the existing and proposed driveways and their physical relation to appellant's land. We think it would be to no profit for us to review and analyze in this opinion that evidence, but that it is sufficient for us to say that, having carefully read it all, as presented in the statement of facts, we have become quite convinced that we would not be warranted in disturbing the conclusion reached by the trial judge. We recognize the

law to be that a land owner may have a special right of ingress and egress to and from his land of a special nature, differing from and superior to the right of the public, even over portions of a highway not directly abutting upon his land. We concede that appellant has such a right under the circumstances here presented. The extent of that right is the real question here presented. Its measure, we think, is simply reasonable ingress and egress under all the circumstances. *Freeman v. Centralia,* 67 Wash. 142, 120 Pac. 886, Ann. Cas. 1913D 786.

[2] Contention is made in behalf of appellant that the trial court erred in holding, as it did in effect, that the city had the power to revoke the permit it had given to appellant to construct and use the proposed driveway over the parking and sidewalk on the west side of Verde street. Reliance is placed upon our decision in *State ex rel. Grimmer v. Spokane,* 64 Wash. 388, 116 Pac. 878. That case considered only the claimed power of the city authorities to revoke a building permit, after having once granted it, the granting having not been induced by any fraud or misrepresentation on the part of the grantee. We think the permit here in question is not at all analogous to a building permit. That permit was but the deciding that the grantee might build the proposed building upon his own property and temporarily use a portion of the street. By the granting of the permit here in question, the city authorities did not surrender their continuing regulatory power over the use of the city's streets. Besides, in the present case the permit was revoked before appellant had made any expenditures of any consequence upon the faith of the permit. True, he had made certain deposits looking to the payment of certain expenses that the city might be put to in readjusting its light pole and wires incident to

the construction of the proposed driveway, but this deposit was tendered back to the appellant. We think the city could lawfully revoke the permit.

The judgment of the trial court denying relief as prayed for by appellant is affirmed.

FULLERTON, C. J., ASKREN, MITCHELL, and TOLMAN, JJ., concur.