[No. 21256. Department One. July 9, 1928.]

F. L. DENMAN, *Appellant*, v. W. W. MATTSON, *Respondent*.[1]

[1] MUNICIPAL CORPORATIONS (357)—STREETS—ABUTTING OWNERS—RIGHT OF ACCESS. An abutter's right of ingress and egress is not affected by the small value of his property.

[2] SAME (357). Where an abutter's fence on the parking strip interferes with the adjoining owner's reasonable ingress and egress to his property, by reason of necessitating a very sharp turn, its maintenance will be enjoined.

Appeal from a judgment of the superior court for Pierce county, Remann, J., entered September 17, 1927, upon findings in favor of the defendant, in an action to quiet title to the use of a city street. Reversed.

*A. H. Denman*, for appellant.

*Hugo Metzler* and *J. W. Quick*, for respondent.

PARKER, J.—This is a companion case to *Denman v. Tacoma*, ante p. 314, 268 Pac. 1043, just decided by us, and has to do with claimed property rights of these respective parties in the same portion of North Forty-sixth street as was involved in that case. The plaintiff, Denman, seeks the quieting of his claimed special property right in Forty-sixth street as an abutting

¹Reported in 268 Pac. 1045.

owner ·of land upon· the south side thereof, against what· he alleges is the interference with his right therein by the· defendant, Mattson, ·who is an abutting owner of land on the north side of Forty-sixth street. The case, being of equitable cognizance, proceeded to trial in· the. superior court for Pierce county, sitting without a jury, and resulted in a judgment, in effect, denying to Denman the relief prayed for by him. From this judgment Denman has appealed to this court.

Mattson is the owner of the block fronting south on Forty-sixth street for a distance of two hundred and forty feet between Verde street on the west and Stevens street on the east. · Denman is the owner of a small triangular tract fronting north on Forty-sixth street opposite the east end of the block owned by Mattson. By reason of the contour of the ground, the street improvements made by the city, consisting of paving the roadway of Forty-sixth street some· one hundred and fifty feet east from Verde street, thence southeasterly along an acquired right of way some two hundred feet to Stevens street, and a wall along· the northeasterly curb line ·of the pavement, the only· ingress and egress to and from Denman's land· is westerly ·along· the portion of Forty-sixth street east ·and north of the wall around its northwesterly end, which is some seventy feet east of Verde street.

There is a parking space twenty-seven and one-half feet wide north· of the curb of Forty-sixth street and south of Mattson's property line extending some fifty feet east from Verde street. This parking space has been improved by Mattson, apparently by consent of the city, to the extent of making it conform to his lawn by planting it to lawn grass, but no sidewalk has been constructed therein. Mattson claims a special property interest in this parking strip as an abutting owner, to the extent of excluding Denman from driving

automobiles or other vehicles over it. Immediately to the east of this parking strip Mattson has constructed a crossing driveway from the pavement to his land on the north. He concedes that Denman has a vehicle right of way over this cross driveway and easterly therefrom along the northerly portion of Forty-sixth street to reach his land. This cross driveway is some twenty feet wide. The wall along the northeasterly and northerly curb line of the pavement terminates at its northwesterly end, immediately east of the crossing driveway at a point some seventy feet east of Verde street.

The unpaved roadway running east therefrom along Forty-sixth street north of the wall furnishes a somewhat restricted ingress and egress to and from Denman's land. With a few feet widening of that roadway to the north, Denman's ingress and egress to his land would be materially more efficient. Owing to the paved roadway of Forty-sixth street being only eighteen feet wide and the space between the north edge of the pavement and Mattson's property line being only twenty-seven and one-half feet wide, a large automobile, going westerly along the pavement of Forty-sixth street, must in order to go into Denman's property, turn very sharply to the right around the end of the wall. So, it is very necessary to Denman's convenience, though not absolutely necessary, that an automobile so entering the cross driveway and turning to the east on the roadway should have a turning space extending north clear to Mattson's property line. Mattson has constructed a fence from a point just east of the cross driveway easterly some sixty feet, which fence is in Forty-sixth street some two and one-half feet south of Mattson's property line, thus preventing the making of an efficient and suitable turn around the end of the wall to reach Denman's land.

[1]: A large part of the evidence introduced in behalf of Mattson tended to show that Denman's triangular tract is of but small value for residence purposes. Evidence introduced in behalf of Denman tends as strongly to show to the contrary. This, we think, is not a legitimate issue in the case calling for serious consideration here. It is plain, at all events, that Denman's triangular tract is of substantial value and is of such size and so situated that a small residence can be built thereon, and is desirable for that purpose, if it have fairly efficient ingress and egress. We dismiss this question injected into the case by Mattson. We are of the opinion that he cannot successfully avail himself of any alleged small value of Denman's triangular tract, and that Denman's special property right in Forty-sixth street, as an abutting owner, is not in the least impaired because of the alleged small value of his land.

[2] Counsel for Mattson seem to contend that his improvements, by putting into lawn the parking space west of the cross driveway and his construction of the fence east from the cross driveway, were made and are maintained by him by consent of the city, and that he makes no claim in either of these locations other than in subordination to the city's control. We do not find in the evidence any affirmative grant of permission by the city to Mattson. It may be assumed that the city has inferentially, by its silence, assented to Mattson doing these things. It is somewhat difficult to follow Mattson's claim, made prior to and in his answer to Denman's complaint. We are unable to find in this record any clear evidence of disclaimer by Mattson of his right to any portion of the street as against the special right Denman may have therein as an abutting owner. Had he made such disclaimer and left Denman free to exercise his rights as an abutting owner, sub-

ject to such control as the city might lawfully exercise, this case would have been much simpler. Mattson's claims manifestly are that Denman is asserting rights in the street which he does not possess as an abutting owner, and that he, Mattson, can do anything he pleases in the street so far as Denman's rights therein are concerned.

The judgment rendered by the trial court, omitting usual recitals, is as follows:

"It is ordered and adjudged by the court, that the plaintiff take nothing and that his application for injunction be and the same is hereby denied.

"It is further ordered, that plaintiff have the right to use the driveway constructed by the defendant as a means of ingress and egress to and from that part of North 46th street lying east of said driveway.

"It is further ordered, that said plaintiff be and is hereby enjoined from driving upon or otherwise damaging the parking between the property line of defendant and the curb of North 46th street and Verde street and the driveway leading from 46th street to the premises of defendant."

It seems plain to us that, in so far as the judgment decrees that plaintiff take nothing, it should be reversed.

It also seems plain to us that, in so far as the judgment awards to Denman the right to use the cross driveway and Forty-sixth street east therefrom as a means of ingress and egress to and from his property, it should award to him the right to have Mattson's fence removed from Forty-sixth street, in order to give to Denman a more efficient and wider turn to the north around the northwesterly end of the wall, and that Denman's special property rights in the whole of the street east of the cross driveway to Stevens street, as an abutting owner, should be quieted in him; of course, reserving to Mattson the same special prop-

erty right as an abutting owner in the whole of that portion of the street.

Our reasons for the reversal of the judgment in this respect seem sufficiently apparent from what we have already said. We may here remark, however, that, while the fence is not directly in front of Denman's land, it is so situated within the street as to in some material degree interfere with his efficient, reasonable ingress and egress to and from his land, without right on the part of Mattson. We may also here remark that, while possibly the level of the ground immediately north of the roadway east from the cross driveway is not at present such as is practical to drive over, yet, under the circumstances, we think Denman has the right, by grading, which evidently would be of comparatively small moment, to level the ground there so that it could be made even with the surface of the driveway, and, in practical effect, a part thereof.

It also seems plain to us that, in so far as the judgment decrees injunctive relief in favor of Mattson and against Denman, prohibiting him from driving over the parking space west of the driveway, the judgment should be reversed, for the simple reason that the record does not show that Denman has ever threatened to drive over that parking space, except as he was intending to do so in pursuance of a permit granted by the city for him to construct a driveway across the parking and sidewalk on the east side of Verde street within the projected parking space north of the paved roadway of Forty-sixth street, which permit being revoked he did not further threaten to drive over the parking space, except as he might be permitted to do so by decision of the court in the disposition of his suit against the city (*Denman v. Tacoma, ante* p. 314, 268 Pac. 1043), wherein he sought the privilege of so doing. It seems difficult to see by what right Mattson

could prevent pedestrians walking over the parking space west of the cross driveway, to and from Denman's land, in view of the fact that neither he nor the city has provided a sidewalk over it for pedestrians, rather than they be forced to walk in the much traveled narrow paved roadway of Forty-sixth street. This, however, is not a question, in terms, decided by the trial court, and it seems not to be clearly within the issues of the case, so we leave that question undecided. Indeed, we do not understand Mattson to challenge the right of pedestrians to walk over this parking space to and from Denman's land and the portion of Forty-sixth street east of the cross driveway.

The judgment is reversed and the cause remanded to the superior court with directions to enter its judgment awarding to Denman as against Mattson the removal of Mattson's fence in Forty-sixth street, which runs some sixty feet easterly from the cross driveway in Forty-sixth street, and quieting Denman's special property right as an abutting owner in the whole of Forty-sixth street east of the cross driveway to Stevens street, reserving to Mattson, as an abutting owner, the same special property right in that portion of the street, leaving each free to do such things in that portion of the street as abutting owners may lawfully do therein; also awarding to Denman denial of Mattson's claim of injunction against him for the alleged threat, which has not been made by Denman, to drive over the parking space west of the cross driveway.

This disposition of the case, of course, has no binding effect upon the city as to its future control and improvement of the portion of Forty-sixth street here drawn in question. It is only a determination of the rights of Mattson and Denman as between themselves. We conclude that Denman's success upon this appeal is such as to entitle him to recover costs incurred by

him in prosecuting his appeal in this court. Our decision in *Denman v. Tacoma,* just decided by us, *ante* p. 314, 268 Pac. 1043, contains a sufficient exposition of the law applicable to the rights of these parties as abutting owners.

FULLERTON, C. J., ASKREN, MITCHELL, and TOLMAN, JJ., concur.