[No. 22198. Department Two. December 16, 1929.]

THE STATE OF WASHINGTON, *on the Relation of F. L. Denman et al., Petitioners,* v. THE SUPERIOR COURT FOR PIERCE COUNTY *et al., Defendants.*[1]

*A. H. Denman,* for relators.
*Hugo Metzler,* for respondents.

FULLERTON, J.—This is an application made in this court for a writ of mandate. The facts, as set forth in the application for the writ and the court's return thereto, are in substance these: The relator, Denman, is the owner of certain real property abutting upon the south side of Forty-sixth street, in the city of Tacoma. One Mattson is the owner of certain other real property abutting upon the north side of the street. Mattson had appropriated to his individual use a part of the street by erecting a fence, and by putting other obstructions thereon. The relator, conceiving that these obstructions interfered with his right of ingress and egress to and from his property, brought an action in the superior court of Pierce county against Mattson seeking to quiet his property right in the street, and to obtain a removal of the obstructions placed thereon by Mattson. Issue was taken on his complaint,

[1]Reported in 283 Pac. 192.

and a trial was had resulting in a judgment denying him any form of relief. From the judgment of the superior court, the relator appealed to this court, where the judgment was reversed and the cause remanded with instructions to grant him a part of the relief which he sought. *Denman v. Mattson,* 148 Wash. 321, 268 Pac. 1045.

The relief to which this court concluded the relator was entitled was stated in the following language:

"The judgment is reversed and the cause remanded to the superior court with directions to enter its judgment awarding to Denman as against Mattson the removal of Mattson's fence in Forty-sixth street, which runs some sixty feet easterly from the cross driveway in Forty-sixth street, and quieting Denman's special property right as an abutting owner in the whole of Forty-sixth street east of the cross driveway to Stevens street, reserving to Mattson, as an abutting owner, the same special property right in that portion of the street, leaving each free to do such things in that portion of the street as abutting owners may lawfully do therein; also awarding to Denman denial of Mattson's claim of injunction against him for the alleged threat, which has not been made by Denman, to drive over the parking space west of the cross driveway. This disposition of the case, of course, has no binding effect upon the city as to its future control and improvement of the portion of Forty-sixth street here drawn in question. It is only a determination of the rights of Mattson and Denman as between themselves."

After the remittitur from this court was sent to the trial court, each of the parties to the action submitted to that court a form of decree which he deemed to be a compliance with the directions of this court. The trial court refused to adopt either of the submitted forms, and entered a decree, the operative parts of which are as follows:

"It is Ordered, Adjudged and Decreed:

"(1) That the judgment of the superior court heretofore entered in said cause be and the same is hereby set aside.

"(2) That the defendant shall immediately cause to be removed the fence erected by him along the north side of 46th street between the cross driveway and Stevens street.

"(3) That the special property right of the plaintiffs and defendants in and to the whole of 46th street from said cross-driveway, extending east to Stevens street, be and the same is hereby quieted in said parties and each of said parties are free to do and perform such things in said described portion of 46th street as abutting owners may lawfully do therein under the laws of the state of Washington and the ordinances of the city of Tacoma.

"(4) That the defendant's claim for injunction against said plaintiffs for threatening to drive over the parking space lying west of said cross driveway and between said cross driveway and the improved part of Verde street, be and the same is hereby denied.

"(5) That the plaintiffs have and recover of and from the defendant their costs and disbursements herein taxed at $................................."

The decree was entered on April 9, 1929. On May 23, 1929, the relator moved for its vacation, and moved to substitute therefor a decree after the form he had formerly presented to the court. This motion the court denied, and denied the motion of Mattson to retax the costs. Mattson thereupon removed the fence as directed by the decree, and paid into court the costs adjudged against him. These costs the relator withdrew, entering a satisfaction for this part of the decree under date of June 7, 1929.

The application to this court for the writ of mandate mentioned was made on October 11, 1929, at which time an alternative writ was issued. The matter is now before us on the return of the trial court to the alternative writ.

The respondents question the right of the relator to the relief he demands on grounds apart from the merits of his application, but these we shall not specially notice. In our opinion, the decree entered fully complies with the direction of this court. The decree directs the removal of the fence of which he complained; it quiets his special property right as an abutting owner in and to the whole of Forty-sixth street from the cross driveway east to Stevens street, leaving him free to do such things in that portion of the street as abutting owners may lawfully do therein; and denies Mattson's claim to an injunction against him for threatening to drive over the parking space lying west of the cross driveway. This is all of the relief to which he is entitled under the direction of this court in that part of this court's opinion where his rights are specifically defined. But he seizes upon some of the expressions of the court used in the argument thought to sustain his right to relief, and contends that these entitle him to a broader judgment than he was awarded. He complains especially because the decree does not grant him the right to make changes in the street, particularly the cross driveway mentioned, so as to give him a more convenient access to his premises.

But the control of the street in this respect is wholly with the city authorities. They, and not the courts, have the right to say what changes shall be made in the street, and the courts cannot give him the additional rights he seeks without trenching upon their powers with respect to the matter. This was not the purpose of the court, hence it carefully and specifically limited its directions to those matters in issue between the relator and Mattson, which were within its jurisdiction, leaving the city's rights untrammeled.

The alternative writ heretofore issued is quashed, and the peremptory writ sought denied.

MITCHELL, C. J., FRENCH, and HOLCOMB, JJ., concur.

MAIN, J., concurs in the result.