[No. 34794. Department One. May 7, 1959.]

NORTHWEST SUPERMARKETS, INC., *Respondent*, v. ROLAND A. CRABTREE *et al.*, *Appellants.*[1]

[1]Reported in 338 P. (2d) 733.

*Ryan, Askren, Mathewson, Carlson & King* and *Daniel C. Blom,* for appellants.

*Houghton, Cluck, Coughlin & Henry,* for respondent.

HUNTER, J.—This appeal involves an injunction granted the plaintiff to prohibit Roland A. Crabtree and Dora Mae Crabtree, defendants, from any further interference with a storm sewer.

The defendants are the owners and developers of a sixty-acre tract of land in King county, which is being platted into additions of Manhattan View. A portion of it is yet unplatted. To provide storm sewer drainage for the additions, the defendants hired an engineer to formulate a plan for the drainage of the entire sixty acres. Approval was obtained from the office of the county engineers to use twelve-inch drainage tiles throughout the entire storm sewer system. The plats of the additions of Manhattan View and Manhattan View No. 5 were filed on June 15, 1955, and were accepted by the county on September 12, 1955. The streets were dedicated to public use with the following language appearing upon the plat:

"KNOW ALL MEN BY THESE PRESENTS that we the undersigned owners in fee simple of the land hereby platted, hereby declare this plat and dedicate to the use of the public forever, all streets and avenues shown thereon and the use thereof for all public purposes not inconsistent with the use thereof for public highway purposes; also the right to make all necessary slopes for cuts and fills upon the lots. and blocks shown on this plat in the original reasonable grading of the streets and avenues shown hereon. . . ."

The above dedication is subject to the rule adopted by the King county commissioners contained in resolution No. 6735, as follows:

"REGULATIONS GOVERNING PLATS, REPLATS, SUBDIVISIONS OR DEDICATIONS OUTSIDE THE LIMITS OF ANY INCORPORATED CITY OR TOWN IN KING COUNTY, WASHINGTON.

" . . .

"33. DEDICATIONS: EXPLANATION:

"Plattors are notified that dedications are absolute, and no reservations or exceptions for any purpose whatever will be permitted, whether in the dedication or upon the face of the plat."

Thereafter, the county required the defendants to post bonds conditioned that, within one year from the date of acceptance of each plat, they would grade and gravel all streets in accordance with the standard plans for private work on the county right of way. It is admitted that the ownership of all the lots involved was in the defendants.

The plaintiff is the owner of adjoining property which is being developed as a shopping center. The natural drainage of the plaintiff's property is toward the additions of Manhattan View. The plaintiff sought to obtain permission from the county engineer to connect with the storm sewer installed within the streets in the platted area. The county engineer gave verbal approval regarding this installation conditioned upon the plaintiff obtaining permission from the defendants.

Some of the officers of the plaintiff corporation contacted Roland A. Crabtree regarding the drainage of the surface water from the plaintiff's supermarket into the drainage system or storm sewer installed in the platted area. These negotiations culminated in the following agreement:

"In consideration of Nine Hundred ($900.00) Dollars in hand paid by Northwest Supermarkets, Inc., to Roland Crabtree, receipt of which is hereby admitted, Crabtree, hereby grants to Northwest Supermarkets, Inc., the right to use a storm sewer or drain under the surface of 178th and 3rd South, Seattle, King County, Washington, for the passage of surface water from the property of Northwest Supermarkets Inc., lying roughly to the East and South of the

location set forth above. Northwest Supermarkets Inc., agrees to make and maintain at its own cost a reasonable connection with said storm sewer and not to permit other property owners or users to the north of Northwest Supermarkets, Inc., to connect with said sewer without the written approval of Crabtree.

"Dated at Seattle, Washington this *20* day of November, 1957.

"Northwest Supermarkets Inc.

"by *Wm. Jensen, President     Roland A. Crabtree*"

At this time, the county had not released the defendants and their bondsmen from their obligation to complete the grading and graveling of the streets. Subsequent to the time that the above agreement between the plaintiff and the defendants was entered into, a dispute arose between the parties, and Roland A. Crabtree returned the check which he had received from the plaintiff.

The storm sewer installed by the plaintiff ran contiguous to the addition of Manhattan View, within a thirty-foot strip which had been purchased from an adjoining landowner. The storm sewer pipe was laid westerly down southwest 178th street, within the platted area, for a distance of approximately three hundred feet to finally connect with the drainage tiles laid by the defendants in another street which intersects southwest 178th street. The storm sewer installed by the plaintiff was of twelve-inch tile; it contained two catch basins and connected to the storm sewer of the defendants, where there was a third catch basin at said intersection. The installation was completed on January 8, 1958, and, on the same day, the defendants removed two or three sections of the tile with a bulldozer. This tile was later replaced and reconnected by the plaintiff, and the ditch was refilled. The plaintiff then brought this action and obtained an injunction prohibiting the defendants from further interference with the connection. The defendants have appealed.

The respondent has moved to strike appellants' memorandum of additional authorities, on the ground that it is a reply brief which is not printed as required by Rule on Appeal 41 (1), 34A Wn. (2d) 16, as amended, effective

March 1, 1954, and that the memorandum was not served and filed at least twelve days prior to hearing, as provided by that rule. The rule also provides in part:

". . . Either party may, . . . submit . . . a written or printed statement of any additional authorities, with suitable comment thereon strictly in support of the position taken in his brief hereinabove required to be filed. . . ."

We agree with the respondent that the memorandum of additional authorities is, in fact, a reply brief to the brief submitted by the respondent. There appearing to be no excuse for the violation of the above rule requiring the printing of briefs and the timely filing thereof, the motion of the respondent to strike the appellants' purported statement of additional authorities will be granted.

The primary issue as posed by the appellants is whether the right granted under the agreement was an interest in land and therefore unenforceable because: (1) it was not acknowledged; (2) it was not signed by the wife; and (3) the location of the "easement" was not stated.

As abutting landowners, the appellants contend they are the owners of the fee beneath the surface of the streets. We agree. The well-established law of this state supports this contention. In *Motoramp Garage Co. v. Tacoma*, 136 Wash. 589, 241 Pac. 16, 42 A. L. R. 886 (1925), we said:

"It has been determined in this state on numerous occasions that the fee in streets dedicated to the public remains in the abutting landowner. [Citations omitted.]"

The appellants further contend that therefore they have a right to grant an interest in the fee to the respondent, citing 49 Am. Jur. 515, § 184, which states in part:

". . . An easement for a pipe line or the right of drainage through the lands of another requires for its enjoyment an interest in such lands which cannot be conferred except by deed or conveyance in writing."

This rule is correct as stated, but it does not contemplate the laying of a storm sewer in a dedicated street where the county alone would have the right to object to such an installation. The rule involves the ordinary situa-

tion where a property owner grants the right to another to lay a pipeline through his property, and does not apply to the facts of the instant case. The applicable rule is stated in 11 McQuillin on Municipal Corporations (3d ed.) 212, §31.18:

"The right to the use of a public street or alley by a municipal corporation for sewer and drainage purposes is necessarily incident to the use for which streets and alleys are opened and laid out. Such use is proper and lawful, is not inconsistent with the object of their establishment, and is not an additional burden on the easement, entitling the abutting owners or the owners of the fee to compensation. . . ."

■ In *State ex rel. York v. Board of County Commissioners*, 28 Wn. (2d) 891, 184 P. (2d) 577, 172 A. L. R. 1001 (1947), we said:

"I. The fact that highways are dedicated to public use implies that they must be maintained primarily as public ways; and

" '. . . these public ways must be kept free from obstructions, nuisances, or unreasonable encroachments which destroy, in whole or in part, or materially impair, their use as public thoroughfares.' 4 McQuillin, Municipal Corporations (Rev. 2d ed.) 134, § 1437.

"II. Subject to this primary use, highways may be put to any of the numerous incidental uses suitable to public thoroughfares, and with those uses the owner of the abutting land has no right to interfere. . . ."

■ By their dedication the appellants have granted to the county the easement rights incidental to the use of the street, which includes the storm sewer. Therefore, there remains no interest in realty that the appellants could convey to the respondent under their agreement. However, the appellants retained the contractual obligation with the county to complete the grading and graveling of the dedicated streets, which contract the appellants had the right to perform without any interference. This right did not constitute an interest in land; hence, the consent obtained from the appellants for the installation, as provided in the agreement, did not require the wife's signature or an acknowledgment for its validity.

The appellants' contention that the location of the drain installed by the respondent was insufficiently designated in the agreement is without merit. The drain was installed and connected pursuant to the agreement and there was no dispute by anyone as to its location. Any insufficiency in the agreement in this regard thereupon became immaterial. *Everett Water Co. v. Powers*, 37 Wash. 143, 79 Pac. 617 (1905); *Kalinowski v. Jacobowski*, 52 Wash. 359, 100 Pac. 852 (1909). Appellants contend, however, that the agreement never became operative because of a contemporaneous oral agreement providing that the written agreement was not to become effective until a letter was obtained from the county engineer. This letter was to state that the drainage system of the development, completed and uncompleted, would carry the drainage of the shopping center without any change in the system. This was disputed by the respondent who contended that the oral agreement provided the letter was to relate to the existing system. Such a letter was received. The trial court's finding was in conformity with the respondent's contention. From our examination, the record discloses substantial evidence to support the trial court's finding on this disputed factual issue.

The appellants further contend that the agreement has been violated by the respondent permitting other property owners to connect with the sewer, without written approval from the appellants. We find no evidence in the record to support this contention.

With this disposition of the case, it is not necessary to consider any other contention raised by appellants' assignments of error. The written agreement was valid; hence, the trial court properly granted the respondent a permanent injunction against appellants' further interference with the drain installed pursuant thereto.

The judgment of the trial court should be affirmed. It is so ordered.

WEAVER, C. J., MALLERY, DONWORTH, and OTT, JJ., concur.