[No. 36144.    En Banc.    November 8, 1962.]

ANDREW NYSTRAND *et al., Respondents and Cross-appellants,* v. GEORGE O'MALLEY *et al., Appellants.*[*]

*Frank M. Egan* and *George A. Meagher,* for appellants.

*John L. Vogel,* for respondents and cross-appellants.

HUNTER, J.—Andrew Nystrand and his wife and George O'Malley and his wife are neighbors, residing on adjoin-

[*]Reported in 375 P. (2d) 863.

ing lots 9 and 10 respectively, in Block 20, Lake Shore View Addition to the city of Seattle. Their properties are bordered on the east by Lake Washington and on the west by a 12-foot strip of land which is dedicated as a street, but unopened for travel, unimproved and unusable as a street in the area abutting the parties' properties. To the west of and parallel to this 12-foot street is a right of way of the Northern Pacific Railroad upon which is located a well-defined roadway regularly used by the plaintiffs (respondents) and the defendants (appellants) and their neighbors to the north and south with the consent of the railroad company. Access of ingress and egress by the parties to their respective properties is across the 12-foot street to the road on the railroad right of way.

Prior to this action, the defendants, desiring to improve the grade of access from their residence to the railroad right of way road, notified the plaintiffs and requested they remove certain trees, a hedge and a stone bulkhead from that portion of the street abutting the plaintiffs' property. These objects obstructed the route of the defendants' proposed new access to the right of way road. This request was not complied with by the plaintiffs. The defendants, shortly thereafter, in February, 1960, without the consent of the plaintiffs, and by employing the use of a bulldozer, graded the proposed access route and removed two trees from the southwest corner of the plaintiffs' lot, the trees, hedge and bulkhead in the 12-foot strip abutting the plaintiffs' lot, and trees and a portion of the plaintiffs' hedge which extended onto the railroad right of way.

The plaintiffs brought this action for trespass to recover damages for injury to their property. The defendants answered denying a trespass, and by counterclaim, sought recovery for the cost of the removal of the obstructions in the street and a mandatory injunction to require the plaintiffs to remove the portion of their garage which extended several feet onto the 12-foot street.

Trial upon the issues joined was had before the court sitting without a jury. Judgment was entered for the

plaintiffs, who were awarded damages in the amount of $500 for depreciation to their property and treble damages in the amount of $150 for the destruction of the trees and hedge. The defendants' counterclaim was dismissed. The defendants appeal from the judgment, and the plaintiffs cross-appeal for the failure of the court to enter treble damages for the item of depreciation to their property.

■ The defendants assign error to the findings of fact of the trial court. The findings are not set out verbatim as required by Rule on Appeal 43, RCW Vol. 0. Therefore, these assignments of error cannot be considered by this court and the findings of fact by the trial court become verities as to this case. *Zarelli v. Superior Distributing Corp.*, 51 Wn. (2d) 154, 316 P. (2d) 465 (1957); *Hinz v. Lieser*, 52 Wn. (2d) 205, 324 P. (2d) 829 (1958).

The defendants assign error to the trial court's entry of judgment in favor of the plaintiffs, on the ground that it was proper and lawful to remove obstructions in the public road which constituted special injury to them as abutting owners. It is asserted that authority for the removal of these obstructions is derived from RCW 7.48.230, commonly known as the "self-help" statute. It provides as follows:

"Any person may abate a public nuisance which is specially injurious to him by removing, or if necessary, destroying the thing which constitutes the same, without committing a breach of the peace, or doing unnecessary injury."

We need not determine whether the obstructions complained of in the instant case constituted a public nuisance. Assuming the defendants were entitled to the benefit of the "self-help" statute, they cannot prevail. The trial court found:

"VII. As appears from Exhibit 3, defendant O'Malley, in employing the bulldozer to improve his access, had no reasonable necessity to remove the hedge which plaintiffs had maintained upon the twelve foot strip and upon the railroad right of way; said defendant could have stayed to the west of plaintiffs' hedge and no useful purpose was served by removing the said hedge and the bulkhead."

This finding, which is not subject to challenge, brings the defendants within the prohibition of the "self-help" statute against committing unnecessary injury.

The defendants further contend, however, the trial court erred in entering judgment for the plaintiffs because the latter's property was wrongfully encroaching upon the street dedicated to the public and, as wrongdoers, the doctrine of pari delicto applies; they, therefore, should be denied relief.

We need not consider this contention because we are satisfied from the record and findings of the trial court that the plaintiffs were not wrongdoers. The law in this state is well settled that the fee to the street rests in the owner of the abutting property. *Northwest Supermarkets v. Crabtree,* 54 Wn. (2d) 181, 338 P. (2d) 733 (1959); *Simons v. Wilson,* 61 Wash. 574, 112 Pac. 653 (1911); *Gifford v. Horton,* 54 Wash. 595, 103 Pac. 988 (1909). The owner of the abutting property may use the street area, to which he holds the fee, in any manner not inconsistent with the easement in the public for street purposes. *James v. Burchett,* 15 Wn. (2d) 119, 129 P. (2d) 790 (1942). In the instant case, the road was unopened and unusable as a street for travel. The use by the plaintiffs, in extending their garage onto the area, planting the trees and hedge and constructing the bulkhead, was not inconsistent with the public's easement since the right to open the street for the public's use had not been asserted by the city. Neither was the use inconsistent with the defendants' special property right of *reasonable* ingress and egress to their property over the 12-foot strip as abutting owners, in view of the trial court's finding of fact VII, *supra. Denman v. Tacoma,* 148 Wash. 314, 268 Pac. 1043 (1928); *Denman v. Mattson,* 148 Wash. 321, 268 Pac. 1045 (1928).

The defendants' remaining assignments of error need not be discussed since they are controlled by our disposition of the other issues in this appeal.

The findings of the trial court support the judgment that the defendants committed a trespass on the plaintiffs' prop-

erty, and they are entitled to damages therefor. However, the trial court did not enjoin the defendants' use of that portion of the 12-foot strip which they had opened as was reasonably necessary for access to their property, and they are entitled to the use thereof.

On their cross-appeal, the plaintiffs contend the trial court erred in failing to award treble damages for the depreciation to their lot caused by the defendants' trespass. Reliance is placed upon RCW 64.12.030, the trespass statute, which allows treble damages for wilful injuries. The statute relied upon is strictly limited to damages resulting from the cutting or destruction of trees, timber or shrubs. *Simons v. Wilson, supra; Lytle Logging & Mercantile Co. v. Humptulips Driving Co.,* 60 Wash. 559, 111 Pac. 774 (1910). The damages which the court allowed for depreciation to the plaintiffs' land included depreciation resulting from the removal of the bulkhead. In the absence of segregation of the depreciation resulting from the removal of the bulkhead and the depreciation resulting from the destruction of the trees and shrubs, the trial court properly refused to allow treble damages for this item.

The judgment of the trial court is affirmed.

ALL CONCUR.