[No. 36271.   Department Two.   February 7, 1963.]

S. D. S. LUMBER COMPANY, *Respondent,* v. FRANK BERGER *et al., Appellants.**

*Robert W. Garver, Jr.,* for appellant.

PER CURIAM.—This is an appeal from a judgment entered against appellant for the unauthorized and unlawful cutting of Christmas trees upon the land of respondent.

Respondent, S. D. S. Lumber Company, a partnership, is the owner of certain timber lands in Klickitat County.

*Reported in 378 P. (2d) 451.

Respondent brought suit against appellants, Frank Berger and Jane Doe Berger, husband and wife, and the community composed thereof. (The husband, Frank Berger, will hereafter be referred to as if he were the sole appellant.) The complaint alleged the wilful trespass by appellant Frank Berger or his agents upon the land owned by respondent, and the reckless, wanton, and malicious cutting of 536 Christmas trees. Respondent sought treble damages under the provisions of RCW 64.12.030. The case was tried to the court without a jury.

The trial court found that the boundary line of respondent's land was not so definitely established that appellant could be charged with knowledge of it. Appellant had permission to cut trees on the adjoining property. Accordingly, treble damages under the provisions of RCW 64.12.030 were not awarded. However, the trial court did find that appellant had cut 536 Christmas trees (357 white fir Christmas trees and 179 Douglas fir Christmas trees) upon the land belonging to respondent. Damages were awarded to respondent on the basis of $3.00 per tree, totalling the sum of $1,608, plus costs and attorney's fees.

The assignments of error of appellant, with one exception, have their basis in the trial court's taking cognizance of RCW 79.40.070 in awarding respondent damages. Appellant argues that this statute was not pleaded, that it is unconstitutional, and that, in any event, damages for the unlawful cutting of Christmas trees for commercial purposes cannot be awarded against him under its provisions. The exception in the assignments of error above referred to is assignment of error No. 3: "That the Court erred in making Findings of Fact numbered I, II, and V."

Finding of fact No. 5 states:

"That the market value of the said timber at the time of removal establishes the stumpage value at $3.00 per tree for the sum of 536 trees, totalling the sum of $1608.00. Further, that this court finds that the said trespass and cause of action as alleged under the said complaint comes under the purview of the statute Chapter 79, laws of the State of Washington, wherein upon a finding or institution of

civil action for trespass, the value of the Christmas trees is set by statute at the rate of $3.00 per tree."

■ It is clear upon reading the finding of fact set forth above that the trial court predicated its finding that $3.00 per tree was a proper measure of damages upon two grounds. Based upon RCW 79.40.070, the determination was a conclusion of law. Based upon the evidence as to market value, the determination was properly a finding of fact. Since appellant has not set out verbatim the findings of fact excepted to, the findings of fact of the trial court must be accepted as verities in this case. As we said in the recent case of *Nystrand v. O'Malley,* 60 Wn. (2d) 792, 794, 375 P. (2d) 863 (1962):

"The defendants assign error to the findings of fact of the trial court. The findings are not set out verbatim as required by Rule on Appeal 43, RCW Vol. 0. Therefore, these assignments of error cannot be considered by this court and the findings of fact by the trial court become verities as to this case. *Zarelli v. Superior Distributing Corp.,* 51 Wn. (2d) 154, 316 P. (2d) 465 (1957); *Hinz v. Lieser,* 52 Wn. (2d) 205, 324 P. (2d) 829 (1958)."

Appellant argues in his brief that the findings of fact are not supported by the evidence. Assuming this to be true, we cannot consider the argument on this appeal.

"It is also urged that a party litigant should not be denied substantial rights because of a failure to comply with technical rules of appeal, especially where such failure is the act or omission of counsel. We are asked to take notice of the fact that the statement of facts is only forty-five pages in length; that the findings of fact relating to negligence are brief and simple and the assignments directed to their entry should apprise this court of the claimed errors of the trial court; also that if the court feels they were not sufficient, we should permit the correction to be made in the reply brief.

"The arguments made are very appealing, but to accept and act upon them as requested would in effect either nullify the rule or make it necessary that we determine in each case of noncompliance whether it will be followed or waived. This would result in the exercise of a discretion and in discrimination. We must either enforce the rule or

abandon it. Its necessity has a long background of experience, and it was promulgated in aid of expeditious and orderly appellate procedure." *Hill v. Tacoma,* 40 Wn. (2d) 718, 719, 246 P. (2d) 458 (1952).

The findings of fact of the trial court as to the market value of the Christmas trees supports the amount of the judgment independent of RCW 79.40.070. We, therefore, do not pass on the validity of this statute.

The judgment is affirmed.