[No. 38525.    Department One.    January 5, 1967.]

CAROLE J. LOCKE et al., as Guardians, Plaintiffs, v. JAMES V. GABORIAULT et al., Respondents, ARNOLD J. MOORE et al., Appellants.*

*Bateman, Reed, McClure & Moceri* (*Hugh A. McClure,* of counsel), for appellants.

*Paul D. Hansen* (of *Anderson & Hunter*), for respondents.

LANGENBACH, J.†—What started as a frolic on water skis ended in tragedy. On a lake in Skagit County the minor plaintiff was being towed by her uncle, appellant Moore, behind his boat. At the same time, respondents were towing another teen-age water skier on the same lake. In time these merrymakers found themselves traveling in opposite directions on parallel courses. Those courses became less parallel and to avoid a bow to bow collision, each took evasive measures by sharply veering to the left. Obedient to the laws of physics, the plaintiff swung wide and was thrown violently against the right side of respondents' craft. Naturally, the cause of the accident was a matter of violent disagreement between the parties.

No one, however, disagreed that the plaintiff was seriously injured. The extent of those injuries was admitted and the parties agreed on the amount of recovery. The sole issue was who would pay it.

The trial was to the court which found appellants negligent and alone responsible for the accident. They were adjudged solely liable and required to pay the agreed-upon amount of the plaintiff's damages. They have appealed.

Appellants brought only one assignment of error:

Appellants respectfully submit that the trial court erred in finding that the respective boats of the appellant and the respondent were traveling in opposite directions on a parallel course and that the appellants' boat turned in front of the respondents' boat. Such findings not only are unsupported by substantial evidence, but the evidence also clearly preponderates against such findings.

*Reported in 422 P.2d 309.

†Judge Langenbach is serving as a judge pro tempore of the Supreme Court pursuant to Art. 4, § 2(a) (amendment 38), state constitution.

No findings of fact were set forth verbatim in appellants' brief. Therefore, under Rule on Appeal 43,[1] the error assigned will not be considered. "The findings are verities." *Zarelli v. Superior Distrib. Corp.,* 51 Wn.2d 154, 156, 316 P.2d 465 (1957) (citing many cases). "We can only repeat that verbatim means 'verbatim.'" *Iverson v. Graham,* 59 Wn.2d 96, 366 P.2d 213 (1961); (citing many cases to which may be added *S.D.S. Lumber Co. v. Berger,* 61 Wn.2d 429, 431, 378 P.2d 451 (1963); *Nystrand v. O'Malley,* 60 Wn.2d 792, 794, 375 P.2d 863 (1962); and *Tsubota v. Gunkel,* 58 Wn.2d 586, 591, 364 P.2d 549 (1961)).

The judgment is affirmed.

ROSELLINI, C. J., OTT, HUNTER, and HALE, JJ., concur.

*Reported in 422 P.2d 484.

---

[1] " . . . In appeals from all actions at law or in equity tried to the court without a jury, the findings of fact made by the court will be accepted as the established facts in the case unless error is assigned thereto. No error assigned to any finding or findings of fact made or refused will be considered unless so much of the finding or findings as is claimed to be erroneous shall be set out verbatim in the brief."