[No. 25-40174-1.     Division One.     October 27, 1969.]
Panel 1

DOUGLAS BENNETT, *Respondent*, v. BRANDRUD MANUFACTURING COMPANY, INC., *Appellant.*

*Clinton, Moats, Andersen & Fleck* and *Gordon S. Clinton,* for appellant.

*Roberts, Shefelman, Lawrence, Gay & Moch* and *Robert G. Moch,* for respondent.

PER CURIAM.—Bennett is an interior designer and a designer of furniture. The furniture he designs is produced and sold by manufacturers such as Brandrud, Inc., which pay him a royalty on their sales of Bennett-designed furniture. Bennett's royalty agreements with manufacturers are of two kinds: under one, Bennett receives a royalty on *all* the manufacturer's sales of furniture of his design; under the other, Bennett receives a royalty on only the manufacturer's sales of furniture of his design which are made because Bennett's interior design clients ordered Bennett-designed furniture. Brandrud, Inc. took the position that its agreement with Bennett was of the latter kind and sought to pay him a royalty only on its sales attributable to Bennett's specifying furniture of his design for his interior design clients. Bennett asserted that his agreement with

Brandrud, Inc. entitled him to a royalty on *all* of its sales of Bennett-designed furniture—whether to his interior design clients or not—and sued to enforce his version of the agreement.

The trial judge adopted Bennett's view of the contract. He found that Brandrud, Inc. expressly agreed to "pay [Bennett] a royalty of five percent (5%) of the sale price of each [Bennett-designed] sofa and . . . chair manufactured and sold by [Brandrud, Inc.], . . ." He further found that there was money due under the royalty agreement. He awarded judgment and ordered Brandrud, Inc. to account to Bennett quarterly for future royalties.

A finding of fact will be treated as a verity on appeal unless the appellant assigns error to it and sets it out verbatim in his brief. CAROA 43; *Locke v. Gaboriault,* 70 Wn.2d 1011, 422 P.2d 309 (1967). Brandrud, Inc.'s brief assigns error to none of the findings; therefore, all of them are accepted as established facts for purposes of this appeal. Brandrud, Inc.'s statement that "The Court Erred in Finding an Express Agreement by the Defendant to Pay a Five Percent Royalty on All Sales of the Furniture" is not accompanied by a verbatim quotation of the findings it seeks to challenge, so there will be no review of the findings.

Consequently, we have very little to review. The trial judge found that Brandrud, Inc. agreed to pay Bennett a 5 per cent royalty on all its sales of Bennett-designed furniture and that there were amounts owing under the royalty agreement. Since those findings support a judgment for the royalty arrearages and for future accountings, the judgment must be affirmed. Brandrud, Inc. also urges us to reverse the judgment because the trial judge, it claims, erroneously excluded certain testimony, applied an incorrect rule of contract construction, and entered a judgment which was the product of the judge's bias. We have considered these assignments and find each to be without merit. But even if all of them were well taken, the judgment would still be affirmed because the unchallenged findings of fact support the conclusions of law and the judgment.

Judgment affirmed.