[No. 985-41775-1.    Division One—Panel 2.    June 12, 1972.]

LAMAR Y. KELSO, *Appellant,* v. CONSOLIDATED BEVERAGES, INC., *Respondent.*

*Lamar Y. Kelso,* pro se.

*Casey & Pruzan* and *Phillip T. Hutchison,* for respondent.

FARRIS, A.C.J.—Mr. Kelso, a truck driver, was discharged from employment after his employer, Famous Brands, conveyed its beer and wine distributorship in the Seattle area to three dealers, including Consolidated Beverages. The central issue in the case is the interpretation to be given to a provision of a collective bargaining agreement to which Mr. Kelso's former union and Famous Brands and Consolidated Beverages were parties. Section 19(b) of this agreement provides:

> In the event that an employer absorbs, purchases, merges or takes a new brand of beer from another distributor, all men that are laid off from the distributor losing the brand of beer shall be absorbed and all wages, vacation privileges, seniority rights, and all other benefits under the contract shall prevail. The seniority shall be intermingled.

Mr. Kelso seeks damages for loss of employment, loss of wages, loss of medical and retirement benefits, and his resulting loss of membership in Local 174 of the Internatianal

Brotherhood of Teamsters, Chauffeurs, Warehousemen and Helpers of America.

Mr. Kelso exhausted his remedies as provided for in the union agreement. He first sought employment with Consolidated Beverages. When refused, he appealed to his union representative for assistance in securing employment and when the union representative determined that he had no rights to reemployment under the collective bargaining agreement, he requested that the National Labor Relations Board issue a complaint against his union and Consolidated Beverages. This request was denied. He then brought action in the Superior Court for King County. He appeals from an adverse judgment entered upon findings of fact and conclusions of law of the trial court.

■ To prevail, Mr. Kelso must show that Consolidated Beverages or his labor union acted in bad faith or arbitrarily in deciding that the collective bargaining agreement was not breached. *Vaca v. Sipes*, 386 U.S. 171, 17 L. Ed. 2d 842, 87 S. Ct. 903 (1967) and *Hildreth v. Union News Co.*, 315 F.2d 548 (6th Cir. 1963). In the absence of such a showing, the determination by the union and his former employer is conclusive upon the employee.

While we cannot review the statement of facts since it is not a part of the record, the transcript indicates that neither discriminatory or arbitrary action, nor bad faith on the part of Consolidated Beverages or the union was pleaded by Mr. Kelso in his complaint; nor is either alluded to in any other pleading that is before the court.

The trial court made the following findings of fact:

> The Union and the employer both interpreted Section 19(b) as applying only to an acquisition or the taking over of an entire brand of beer. By "an entire brand of beer", it was meant the absorption of an entire distributorship territory by one employer. Therefore, as to whether Section 19(b) applies to the situation at bar, I find the contract ambiguous. The Union had never been confronted with a problem of this kind before and ruled against Mr. Kelso because it felt that Consolidated was not required to absorb all of the Famous Brands' employ-

ees in view of the fact that Consolidated did not acquire or absorb all of the Schmidt's beer business of Famous Brands. I find this is a sound construction of the contract when viewed in the light of the negotiations between the employers and the Union in setting up this particular provision.

Finding 16.

I further find that the interpretation of the contract by the Union and the employer was a reasonable one in view of the previous history between the parties and that the action of the Union was not arbitrary or discriminatory, nor was it done in bad faith. Furthermore, plaintiff does not allege the Union's actions were in any way arbitrary, discriminatory, or in bad faith.

Finding 18.

Error was not assigned to the trial court's finding that "the action of the Union was not arbitrary or discriminatory, nor was it done in bad faith." That finding must be accepted as a verity. CAROA 43[1]; *Union Bank v. Kruger*, 1 Wn. App. 622, 463 P.2d 273 (1969); and *Bennett v. Brandrud Mfg. Co.*, 1 Wn. App. 183, 459 P.2d 977 (1969). In the absence of allegations and proof that the actions of Consolidated Beverages or the union were arbitrary, discriminatory, or done in bad faith, the trial court was correct in concluding that the terms of the collective bargaining agreement do not apply in the instant case.

Affirmed.

SWANSON and WILLIAMS, JJ., concur.

[1]CAROA 43 provides in part: "In appeals from all actions at law or in equity tried to the court without a jury, the findings of fact made by the court will be accepted as the established facts in the case unless error is assigned thereto."