[No. 4250–1.   Division One.   July 18, 1977.]

JAMES M. DAUGHTRY, *Respondent*, v. JET AERATION
COMPANY, *Appellant*.

*Stephen E. Mansfield,* for appellant.

*Zylstra & Pitt* and *Ted D. Zylstra,* for respondent.

PER CURIAM.—This action was commenced by James M.
Daughtry on April 4, 1973. His complaint alleged that the
performance of an individual home sewage treatment sys-
tem sold to him by Jet Aeration Company breached express
and implied warranties. Following trial to court, the follow-
ing pertinent findings of fact were entered:

On or about July 15, 1968 the plaintiff purchased from the defendant Jet Aeration Company an individual home sewage treatment system.

Finding of fact No. 1.

That the defendant Jet Aeration Company warranted to the plaintiff that the said individual home sewage treatment system would function properly and that the system would take care of the sewage disposal requirements of the plaintiff's property.

Finding of fact No. 2.

In addition to the express warranties made by the defendant Jet Aeration Company, the device sold by said defendant to the plaintiff carried with it certain implied warranties that the unit was fit for the purpose for which it was intended, to–wit, to properly take care of the sewage disposal requirements of the plaintiff's home.

Finding of fact No. 3.

The unit sold by the said defendant to the plaintiff failed to function properly and allowed a solid substance to build up in the pipes leading from the unit to the drain field. That the solid substance was a result of a malfunctioning of the unit and not as a result of any inadequate drain field.

Finding of fact No. 4.

That as a result of the failure of the unit sold by the defendant to live up to the warranties, the plaintiff has failed to receive that for which he bargained and has suffered other damages on account of time and money spent in attempting to make the unit work properly. In addition that plaintiffs have suffered substantial inconvenience as a result of the failure of the unit to properly take care of the sewage waste from their home.

Finding of fact No. 5.

That the plaintiffs have suffered damages in the sum of $925.

Finding of fact No. 6. Judgment in Daughtry's favor was accordingly entered for $925.

On appeal, Jet Aeration questions whether the trial court erred in (1) entering judgment despite the alleged absence and necessity of privity of contract, (2) refusing to dismiss

because the action was not filed within 4 years of the system's delivery, as required by RCW 62A.2–725, and (3) finding substantial evidence to support its conclusion that Jet Aeration made an express warranty and breached an implied warranty.

CAROA 43[1] provides:

No alleged error of the superior court will be considered, unless the same be definitely pointed out in the "assignments of error" in appellant's brief. In appeals from all actions at law or in equity tried to the court without a jury, the findings of fact made by the court will be accepted as the established facts in the case unless error is assigned thereto.

Where the findings are not properly assigned as error, they are considered verities on appeal. *Kelso v. Consolidated Beverages, Inc.,* 7 Wn. App. 87, 497 P.2d 1336 (1972). Finding of fact No. 1 which was not challenged by a proper assignment of error forecloses consideration of the privity question.

We have reviewed the record. It contains substantial evidence to support the court's findings which support the conclusions of law and judgment entered thereon. *See Morgan v. Prudential Ins. Co. of America,* 86 Wn.2d 432, 545 P.2d 1193 (1976). While the findings do not resolve the contention that the 4–year statute of limitations had run prior to commencement of the action, trial courts are not required to enter negative findings. *See Hering v. Department of Motor Vehicles,* 13 Wn. App. 190, 534 P.2d 143 (1975). The record reflects that from the spring of 1971, Jet Aeration was attempting to remedy its defective performance. When this action was commenced, the system's defective performance had not been remedied. During that period of attempted remedy, the statute of limitations was tolled. *See Styron v. Loman–Garrett Supply Co.,* 6 N.C. App. 675, 171 S.E.2d 41 (1969). The action was timely.

---

[1]*See* RAP 10.3(g) which, as of July 1, 1976, superseded CAROA 43.

158

Affirmed.

Petition for rehearing denied September 28, 1977.

Review granted by Supreme Court May 19, 1978.