[No. 8943.    Department Two.    February 7, 1911.]

WESTMORELAND COMPANY *et al., Respondents,* v. E. W.
HOWELL, *Appellant.*[1]

APPEAL—REVIEW—HARMLESS ERROR. In an action of unlawful
detainer, it is not prejudicial error that the court refused to quash
the writ of restitution, where the defendant had not been disturbed
in his possession, and upon final judgment for plaintiff, appealed and
gave a supersedeas bond conditioned that he would abide the judg-
ment of the court.

ABATEMENT AND REVIVAL—ANOTHER ACTION PENDING—ANSWER—
SUFFICIENCY. An answer pleading another action between the same
parties involving the same matter is bad as a plea in abatement,
where it fails to allege that the same was pending when the action
was commenced.

SAME—DECISION WITHOUT JUDGMENT—BAR. An answer pleading
that another action between the same parties involving the same
subject-matter had been tried and decided in favor of the defendant,
and that findings were being prepared, is bad as a plea in bar, since
no final judgment therein had been entered.

Appeal from a judgment of the superior court for King
county, Tallman, J., entered March 8, 1910, upon findings
in favor of the plaintiffs, after a trial on the merits before
the court without a jury, in an action for unlawful detainer.
Affirmed.

*John T. Mulligan,* for appellant.
*Shepard & Flett,* for respondents.

RUDKIN, J.—On the 28th day of November, 1908, the
Magnolia Heights Company, a corporation, executed a
deed of certain lots and blocks in Magnolia Heights, a sub-
division of the city of Seattle, to the plaintiff Thomas, and
placed the same in escrow in the Scandinavian-American
Bank to be delivered to the grantee upon the payment of
the purchase price of $135,000 and interest, according to the
terms and conditions of a written agreement between the

[1]Reported in 113 Pac. 281.

vendor and the purchaser bearing the same date. The agreement in question contained many stipulations and conditions, none of which are material here, beyond the fact that it conferred the right of possession on the grantee. On the 10th day of March, 1909, Thomas and wife assigned all their right, title, and interest in the above agreement, except the commissions on sales to be made under its provisions, to the plaintiff Westmoreland Company, a corporation.

In the month of February, 1909, the plaintiff Thomas entered into negotiations with one L. E. Campbell for the sale of the lot now in controversy. The purchase price of $1,750 was agreed upon, and it was further agreed that upon a cash payment of $375, to procure the release of an existing mortgage covering this and other property, Thomas would procure a deed for the lot from his vendor and permit Campbell to place a first mortgage thereon to raise money for building purposes, and himself take a second mortgage to secure the balance due on the purchase price. No contract of sale was entered into at that time, for the reason that Campbell did not have the funds at hand to make the initial payment of $375, but Campbell represented that he had just arrived from San Francisco and did not bring his capital with him, that his partner would send him funds from time to time as needed, and asked that he be permitted to enter upon the construction of a building on the lot at once. This permission was given, with the express understanding that no contract for the sale of the lot would be executed or delivered until the terms of the contract were complied with. Campbell proceeded at once to erect a house on the lot, and at the end of the first week borrowed $150 from Thomas to pay the labor claims against it, representing that his funds had not yet arrived from San Francisco. At the same time he assigned all his right, title, and interest in the house and premises to secure the repayment of this advancement. One hundred dollars additional was advanced at the end of the second week and a like amount at the end of the third week, under sub-

stantially similar circumstances and representations. This last advancement was made with the distinct understanding that Campbell should relinquish any and all right or claim he might have in the premises, and was accepted on these terms, but with the understanding that Thomas would convey the lot to him for the original purchase price, together with all advancements theretofore or thereafter made. Thereafter Thomas made further advancements to the amount of $455, and there are still outstanding lienable claims against the property to the amount of approximately $1,000.

So far as the record discloses, Campbell made no disbursements for either labor or material on account of the construction of the building or on account of the purchase price. At a later day an attempt was made to close the deal between the parties through an agreement under which Thomas was to obtain a deed for Campbell from the Magnolia Heights Company, and Campbell was to give a mortgage on the lot for $1,200 to raise money to reimburse Thomas, and give a second mortgage to Thomas for the balance due on the purchase price, but these negotiations failed through the inability of the parties to procure a release of the existing mortgage on the lot. Thereafter Campbell entered into possession of the property without the permission of the owner and was served with notice to quit. Campbell quitclaimed to the defendant Howell, who likewise entered into possession of the premises without the permission of the owner, and on his failure to surrender possession, after three days' notice in writing, the present action was instituted under the forcible entry and unlawful detainer statutes of the state.

The original complaint contained two causes of action. The one for forcible entry under Rem. & Bal. Code, § 810, the other for unlawful detainer under Rem. & Bal. Code, § 834. On motion of the defendant the court required the plaintiffs to elect between the two causes of action thus stated, and the plaintiffs thereupon elected to stand on the action for unlawful detainer, and the complaint was amended

accordingly. The defendant then moved the court to quash the writ of restitution in the case, on the ground that the plaintiffs were not entitled to a restitution of the premises until after final judgment, under the cause of action set forth in the amended complaint. This motion was denied. At the commencement of the trial the defendant asked leave to file an amended or supplemental answer, the material parts of which are as follows:

"That since the filing of the former pleadings in said cause and since said cause was set for trial, that, to wit: On the 29th day of January, 1910, in Department 8 of this court before the Honorable C. H. Neal, judge, after a trial had, wherein there was an issue on a cross-bill between the plaintiff herein and defendant's grantor L. E. Campbell, in an action entitled 'the Robertson Mortgage Co., plaintiff, vs. Magnolia Heights Company, W. H. B. Thomas, Jessica Thomas, his wife, Westmoreland Company, L. E. Campbell, et al., defendants, being court case No. 68,038, the said court in giving its decision in said cause, and with full jurisdiction of the parties herein and the subject-matter of this suit, adjudged the defendant herein to be the legal owner and entitled to the possession of the premises described in the complaint herein as against the plaintiffs herein. That said judgment has not as yet been formerly signed and filed, but together with the findings of fact and conclusions of law is being prepared by the attorneys. That the decision as given orally was taken by the stenographer and is now transcribed and typewritten."

Leave to file the supplemental answer was denied, and the case came on for trial before the court without a jury. The court entered its findings of fact and conclusions of law, and gave judgment in favor of the plaintiffs, from which the defendant has appealed.

The first error assigned is based on the refusal of the court to quash the provisional writ of restitution. The appellant has not been disturbed in the possession of the property under the writ and has given a supersedeas bond conditioned that he will abide the judgment of this court. If the

judgment on the merits is correct, the quashing of the original writ of restitution would avail the appellant nothing, and the ruling of the court was not prejudicial. The refusal of the court to permit the filing of the supplemental answer is next assigned as error. There was no error in this ruling. The answer was insufficient either as a plea in abatement or as a plea in bar. It was not good as a plea in abatement because it failed to allege that the other action was pending at the time of the commencement of this action, 1 Ency. Plead. & Prac. 752, and it was not good as a plea in bar because no final judgment had been entered in the former action; *Anderson v. Burgoyne,* 60 Wash. 511, 111 Pac. 777.

The remaining assignments of error go to the sufficiency of the complaint and to the sufficiency of the evidence to sustain the judgment. What we have already said in the statement of the case sufficiently shows that the appellant and his grantor never acquired any right, title, or interest in the property, that the right of possession was in the respondents, and that the finding of the court, that "As between the plaintiffs and the defendant plaintiffs had superior title," is fully supported by the testimony.

The judgment is therefore affirmed.

DUNBAR, C. J., CHADWICK, MORRIS, and CROW, JJ., concur.