FLORIDA LAND HOLDING CORPORATION, Plaintiff, *v.* DAVID W. BURKE, Defendant.

Supreme Court, New York County, December 17, 1929.

*Gatter & Stern*, for the plaintiff.

*Samuel I. Goldberg* [*William E. Bennett* of counsel], for the defendant.

LEVY, J. The court quite agrees with the defendant that this action is brought upon the latter's notes and not upon a deficiency judgment. The notes represent deferred payments of the purchase price of real property, and, therefore, the fact that they provide for a rate of interest in excess of six per cent does not render them usurious even if their validity is governed by the laws of this State. (*McAnsh* v. *Blauner*, 222 App. Div. 381; affd., 248 N. Y. 537; 39 Cyc. 928.) Nor is the situation affected by the circumstance that the notes also bear interest at the rate of eight per cent per annum *after maturity*. When an excessive rate of interest is made payable only in the event of default in payment of the principal on its due date, there is no usury because the debtor may relieve himself of all liability by paying the principal and interest theretofore due. (*Diehl* v. *Becker*, 227 N. Y. 318; *Sumner* v. *People*, 29 id. 337; 39 Cyc. 953, 954.)

The defendant's contention that the failure of the second and third causes of action to allege that leave to sue had been granted by the courts of Florida renders them demurrable, is without merit. Section 1078 of the Civil Practice Act, requiring leave of the court as a condition precedent to suit for any part of the mortgaged debt after the commencement of a foreclosure action, does not apply where the action to foreclose was brought in a foreign State. (*New York Life Ins. Co.* v. *Aitken*, 125 N. Y. 660.)

Defendant argues that the maturity of the notes could not properly be accelerated because the only provision for acceleration is that contained in the mortgages securing the notes. Suffice it to point out that there is no necessity that the notes themselves contain an acceleration clause. The provision suitably incorporated

in the mortgages is just as effective as if it were embodied in the very notes. Nor may defendant defeat this motion for summary judgment on the ground that the complaint alleges that " by virtue of the mortgage securing the said notes all of the notes then became due and payable at the option of the holder of the said notes " without setting forth the relevant terms of the mortgage to justify that conclusion. The moving affidavit on this application has annexed to it photostatic copies of the mortgages executed by the defendant, and for the purpose of this motion the complaint will be deemed amended accordingly. In the *McAnsh Case* (*supra*) Mr. Justice PROSKAUER, writing for the Appellate Division, made a similar disposition of a contention that the complaint in that case was defective because it omitted to allege the law of the State of Florida as a fact. There he took occasion to declare that the contents of the moving affidavit cured the deficiency of the pleading. No facts sufficient to entitle the defendant to defend have been shown, and the motion for summary judgment is, therefore, granted. Settle order.