[No. 31487.  Department One.  March 1, 1951.]

*In the Matter of the Application of* CHRISTOPHER GEORGE CAMPBELL *for a Writ of Habeas Corpus.*[1]

*Robert F. Murray,* for appellant.

*Robert E. Conner* and *Norman L. Schwalb,* for respondent.

PER CURIAM.—This is an appeal from an oral decision announced on the 24th day of March, 1950, by the superior court of Chelan county, Washington, denying petition for a writ of *habeas corpus.*

The matter was heard before the Honorable Fred Kemp, judge of the superior court of the state of Washington in and for the county of Chelan, on March 24, 1950, at which time the court orally announced that he would deny the writ. Whereupon, in open court, appellant gave oral notice of appeal. April 12, 1950, Judge Kemp signed and entered a written order dismissing the writ. No appeal was taken from this written order and the respondent has moved in this court for a dismissal on the ground that the appeal had been prematurely taken.

Our statute relating to appeals (Rem. Rev. Stat., § 1716 [P.P.C. § 5-1]) provides:

"Any party aggrieved may appeal to the supreme court in the mode prescribed in this title from any and every of

[1] Reported in 231 P. (2d) 312.

the following determinations, and no others, made by the superior court, or the judge thereof, in any action or proceeding.

"(1) From the final judgment entered in any action or proceeding, . . ."

██ It has been stated many times by this court that an appeal will not lie from anything other than a formal written final order or judgment signed by the judge and entered upon the records of the court, unless authorized by statute. *State ex rel. Thomas v. Lawler*, 23 Wn. (2d) 87, 159 P. (2d) 622; *Dux v. Hostetter*, 37 Wn. (2d) 550, 225 P. (2d) 210.

The order of March 24, 1950, was not a final judgment entered by the court and therefore was not appealable under the provisions of the above statute. The order which did finally dispose of appellant's writ was entered April 12, 1950. No appeal has been taken from that order and we must, in accordance with the statute and with our decisions, hold that this appeal was premature.

The appeal is accordingly dismissed.