[No. 34726.   Department One.   January 15, 1959.]

OTTO TIMM et al., *Respondents*, v. .WILLIAM L. GILLILAND et al., *Appellants.*[1]

[1]Reported in 334 P. (2d) 539.

*Thomas P. Delaney, John H. McRae,* and *Howard Phillips* (*George E. Weigle,* of counsel), for appellants.

*W. Kenneth Jones* for respondents.

MALLERY, J.—The plaintiffs sued to enjoin the defendants from passing over their farmlands. The defendants cross-complained claiming an easement by prescription. The trial court granted the injunction, and the defendants appeal.

The appellants did not set out verbatim in their brief the findings of fact which they claimed to be erroneous, hence, the findings as made by the trial court must be accepted upon appeal as the established facts in the case. Rule on Appeal 43, 34A Wn. (2d) 47, as amended, effective January 2, 1953.

Appellants seek to escape the effect of the rule upon the theory that the portions of the findings of fact which are claimed to be error are in reality conclusions of law, and, hence, need not be set out verbatim in the brief.

The findings in question are that (1) appellants were using the roadway by virtue of permission granted by respondents, (2) respondents were not aware that appellants were using the roadway under a claim of right, and (3) appellants failed to present evidence proving their use of the roadway was adverse, open, notorious, hostile, exclusive, and continuous under any claim of right. The first two are obviously findings of fact. If the third, by reason of being a negative fact, is in the nature of a conclusion of law, it will still avail appellants nothing, since it is adequately supported by the preceding findings of fact.

The only other error claimed by appellants is that the trial court erred in failing to grant them an easement by implication. Appellants admit in their brief that this theory is being urged for the first time upon appeal, but argue that this court can now pass on it by holding that it was encompassed within the pleadings in the trial court. We do not agree.

In their pleadings, the respondents alleged that the appellants trespassed on their land without permission and without any right to do so. The appellants stood upon a general denial of these allegations. No hint that an easement by implication was being sought was given to the trial court. It did not err in failing to pass upon extraneous questions. We do not review the trial court's action as to questions not submitted to it. *Lewis Pacific Dairymen's Ass'n v. Turner*, 50 Wn. (2d) 762, 314 P. (2d) 625; *Braman v. Kuper*, 51 Wn. (2d) 676, 321 P. (2d) 275.

The judgment is affirmed.

HILL, FINLEY, OTT, and HUNTER, JJ., concur.

