Henry J. Latham, J.
Motion by plaintiff for summary judgment against the only three defendants who have answered in this action and who will hereinafter be called the defendants. In their opposing papers said defendants ask for summary judgment in their favor. By a separate notice of motion they also move for leave to amend their answer.
The action was brought to foreclose a second mortgage on certain real property located at Forest Hills, New York.
Plaintiff is a copartnership allegedly composed of two partners. On April 24, 1956, plaintiff entered into an agreement with Arkay Infants Wear, Inc. (hereinafter called “ Arkay ”) and with Karl Kussy and Ernest Buchler, whereby plaintiff agreed to become “ surety and/or guarantor ” of certain indebtednesses of Arkay, and the two individuals agreed to indemnify the plaintiff against any loss resulting from such guarantee.
On October 17, 1956, the agreement was amended so as to make Karl Kussy’s wife Margaret a party thereto as an indemnitor with the same force and effect as if she had signed the original agreement. As collateral security for the indem *717 nification of the plaintiff, Karl and Margaret executed a second mortgage for $16,000 covering real property owned by them.
Thereafter plaintiff acted as surety on certain liabilities of Arkay for which it claims commissions of $9,777.52 with interest at the rate of 18% per year from May 31, 1958, and for which it asks a judgment of foreclosure. ■
In the moving affidavit plaintiff states that defendant Redisch has been made a party defendant because she became the record owner of the real property on October 8, 1958, and that the defendants Kussy have been made parties defendant, not because they were the original mortgagors and indemnitors, but because they were the occupants of the real property when the action was commenced. It matters not for what reason they were made defendants; having been named as defendants they have a right to defend.
As a first affirmative defense and counterclaim defendants alleged that by the terms of the original indemnification agreement the indemnitors pledged to the plaintiff all of the outstanding capital stock of another corporation (hereinafter called the 101st Avenue Corporation) which owned a parcel of real property on 101st Avenue, Richmond Hill. The indemnification agreement provided that plaintiff would give its consent to a sale of said real property by the 101st Avenue Corporation if, simultaneously therewith, all obligations of Arkay and the indemnitors were fully paid. The mortgage, which is the subject of this action, was given as additional security for obligations for which plaintiff held the 101st Avenue Corporation stock.
It is further alleged that on June 29, 1958, plaintiff consented to a sale of the real property of the 101st Avenue Corporation without the consent or knowledge of the defendant Margaret- Kussy, who then owned the fee of the property here sought to be foreclosed. It is conceded that the obligations of Arkay and the indemnitors were not simultaneously satisfied. Plaintiff avers that it did not consent to the sale of the realty by the 101st Avenue Corporation, thus raising an issue of fact with respect to this defense.
As a second affirmative defense and counterclaim defendants alleged that the indemnification agreement provided that the liability of the indemnitors shall be independent and separate from the liability of Arkay and that the indemnitors were required to pay interest at the rate of 1%% per month which rate was usurious. This defense will be discussed hereinafter.
*718 The third defense is partial payment. As in the case of the first defense, an issue of fact exists with respect to this defense.
As to the second defense and counterclaim, namely, usury, plaintiff contends that it was not lending money, hut lending its credit, that it was lending it to a corporation which cannot plead usury and that where a defense is not available to a corporation it is not available to the corporation’s indorsers or guarantors.
Defendants contend that they were not guarantors, but as indemnitors were primarily liable along with the corporation (Assets Realization Co. v. Roth, 226 N. Y. 370, 374) and, indeed, were the only ones required by the agreement to pay interest. Paragraph 11(b) of the agreement provides, in part, that if the corporation suffer a default then ‘ ‘ the Indemnitors shall have sixty (60) days after such default by Arkay within which to make reimbursement and payment to the Surety as provided in paragraph 1 2 ’ of this agreement, together with interest thereon at the rate of 1%% per month from the date of the payment made by the Surety to the date of reimbursement thereof by the Indemnitors.”
A provision in a contract by which the debtor agrees to pay, after maturity, interest at a higher rate than permitted by the usury laws does not render the contract usurious if the contract is made in good faith and without intent to evade the usury laws. (Diehl v. Becker, 227 N. Y. 318; Florida Land Holding Corp. v. Burke, 135 Misc. 341, affd. 229 App. Div. 853.) This is for the reason that the debtor always has it in his power to avoid payment of the excess interest by fulfilling his obligation promptly. It is on a par with provisions calling for attorney’s fees if the creditor must resort to litigation to collect. (Cf. 82 A. L. R 1213.)
The rule is well summed up in Corpus Juris Secundum (Vol. 91, Usury, § 31, p. 611) as follows: “ The courts will not, however, permit this principle to be used as a cloak for usury; and so where a loan is made for a very short period, with an excessive rate of interest after maturity, or where the terms of the contract, providing for excessive interest after maturity, clearly indicate that the parties did not expect payment at maturity, but rather contemplated an extension of time and the payment of the higher rate of interest, or the circumstances are otherwise such as to show a corrupt intent to secure usurious interest rather than prompt payment of the principal sum, the whole transaction will be deemed usurious.”
*719 Obviously, therefore, the issues of fact must be resolved at a trial before a determination can be made as to the legality of this particular provision of the contract. It follows that the motion for summary judgment must be denied.
In the companion motion defendants ask leave to amend their answer so as to allege two additional affirmative defenses. Ordinarily such motions are liberally granted to the end that all issues between the parties may be litigated. It is only when the new matter is insufficient on its face that such leave is denied. In the instant case it cannot be said that the new defenses are patently insufficient. Said motion will, therefore, be granted without prejudice to plaintiff’s right to challenge such defenses in a motion directed to that purpose.
Settle order.