JACK W. WILSON, *Respondent*, v. E. H. ELWIN *et al.*,
*Appellants.*[1]

*Reseburg, Ingman, Duncan & Therriault,* for appellants.

*Medley & Haugland,* for respondent.

ROSELLINI, J.—This is an appeal from a judgment awarding the respondent $1,800 for demurrage incurred during the unloading of one of his barges and $60 for docking expenses.

The appellants did not set out verbatim in their brief the findings of fact which they claimed to be erroneous. Hence, the findings as made by the trial court must be accepted on appeal as the established facts in the case. Rules on Appeal 42 and 43, RCW Vol. 0; *Timm v. Gilliland,* 53 Wn. (2d) 432, 334 P. (2d) 539.

According to these findings, on or about August 4, 1956, the respondent, a sole trader engaged in the business of marine towing and barge service, and the appellants, who were at that time engaged in a construction venture at Juneau, Alaska, entered into an oral contract whereby the

[1]Reported in 338 P. (2d) 762.

respondent was to transport certain merchandise by barge from the Puget Sound area to Juneau, at a fixed rate per ton. It was agreed that the barge would be berthed in Juneau at the appellants' cement plant dock, and that the appellants would have, without charge, the day of arrival plus five additional days for unloading the cargo shipped. It was further agreed that the appellants would pay to the respondent $225 per day as demurrage for each day they detained the barge after the sixth day.

The respondent brought the barge, laden with the appellants' cargo, into Juneau on September 11, 1956, in ample time to berth the barge at their cement plant dock at high tide that day, at which time there was sufficient water in the dock to permit the berthing of the barge, and the respondent was willing to berth the barge at that time, but the appellants prevented it. As a result, it was necessary for the respondent to moor the barge at other mooring facilities at a reasonable cost of $60.

The appellants did not complete the unloading of the barge until September 24, 1956. A check, offered in evidence by the appellants in support of their contention that there had been an accord and satisfaction between the parties, was, according to the findings, neither tendered by the appellants nor accepted by the respondent in full payment and settlement of the demurrage account.

Upon these findings, the court concluded that there was no accord and satisfaction, and that the respondent was entitled to recover eight days' demurrage plus $60, the reasonable expense incurred by him for moorage while he was delayed by the appellants.

The appellants contend that an oral contract for demurrage is unenforcible and that, therefore, the court erred in entering judgment for the respondent. Two cases are cited in support of this proposition. They are *Ben Franklin Transp. Co. v. Federal Sugar Refining Co.*, 242 Fed. 43, and *Dick Chiarello & Bros., Inc., v. Central R. Co. of New Jersey*, 256 Fed. 297. These cases simply hold that, demurrage, strictly speaking, cannot be recovered unless it

is provided for by express contract, and in the absence of such agreement, the carrier is limited to an action "in the nature of demurrage," wherein he must show that the person sought to be charged was guilty of some negligence in unloading or exceeded some customary period which, by implication, is a part of whatever contract was made. The trial court in this instance found an express contract for demurrage and properly granted judgment thereon.

The judgment is affirmed.

WEAVER, C. J., DONWORTH, OTT, and HUNTER, JJ., concur.