■ CARLOTTA PRICE, Respondent, v. ALLSTATE INSURANCE COMPANY, Appellant.— Order, entered on June 10, 1960, granting summary judgment to the plaintiff and the judgment entered thereon, unanimously affirmed, with costs to the respondent. The claim that there was an unreasonable delay in the giving of notice to the defendant is not supported by the record. The reasonable notice required of an injured party is of necessity measured by standards different than those applied to the insured (*Lauritano* v. *American Fed. Fire Ins. Co.,* 3 A D 2d 564, affd. 4 N Y 2d 1028). Under the circumstances here present we find that the plaintiff acted with reasonable expedition. The only other contentions that merit comment are the alleged failure to serve a notice of the entry with the judgment and the asserted insufficiency of the complaint. The exhibits annexed to the affidavits reveal that the judgment served upon the defendant bore the notation " Filed March 24, 1959, New York Co. Clerks Office." In the circumstances here present such notation is the equivalent of the notice of entry required by the statute. We also reject the contention that the motion must be denied because of the alleged insufficiency of the complaint in failing to specifically allege that service of a copy of the judgment was made upon the defendant insurer. We find the complaint to be sufficient in this regard. Under section 167 (subd. 1, par. [b]) of the Insurance Law the insurance policy here in issue must be deemed to contain the provision requiring that the copy of the judgment with notice of entry be served upon the insurer. The plaintiff, by alleging that she performed all the terms and conditions of the policy, in effect alleges such service upon the defendant. In any event, even were the complaint deficient in the area charged, in the circumstances of this case and in the light of the affidavits and exhibits, such deficiency would not be fatal to the granting of summary judgment (*McAnsh* v. *Blauner,* 222 App. Div. 381, affd. 248 N. Y. 537; *Florida Land Holding Corp.* v. *Burke,* 135 Misc. 341, affd. 229 App. Div. 853; see SHIENTAG, Summary Judgments, pp. 59–62). Should a specific allegation be considered essential then the com-

911

plaint is deemed amended to include it (*McAnsh* v. *Blauner, supra*). Concur — Breitel, J. P., Rabin, Valente, Stevens and Eager, JJ.