[No. 35880.    Department Two.    November 9, 1961.]

Virginia A. Iverson, *Respondent*, v. Wayne M. Graham, *Appellant*.*

*Warren Hardy* and *George Olson*, for appellant.

*Merges, Brain & Hilyer*, by *Gale P. Hilyer*, for respondent.

Per Curiam.— Experience dictated the use of the word "verbatim" in that portion of Rule on Appeal 43 (RCW Vol. 0), which reads:

" . . . No error assigned to any finding or findings of fact made or refused will be considered unless so much of the finding or findings as is claimed to be erroneous shall be set out verbatim in the brief. . . ."

We can only repeat that verbatim means "verbatim." The assignments of error directed to the findings of fact which were not set out verbatim will not be considered. *Beagle v. Beagle* (1961), 57 Wn. (2d) 753, 757, 359 P. (2d) 808; *San Juan Cy. v. Hage* (1960), 57 Wn. (2d) 905, 357 P. (2d) 166; *Ennis v. Ring* (1959), 56 Wn. (2d) 465, 472, 341 P. (2d) 885; *Steele v. Queen City Broadcasting Co.* (1959), 54 Wn. (2d) 402, 404, 341 P. (2d) 499; *Wilson v. Elwin* (1959), 54 Wn. (2d) 196, 338 P. (2d) 762; *Timm v. Gilliland* (1959), 53 Wn. (2d) 432, 334 P. (2d) 539; *Kaiser Aluminum & Chemical Corp. v. Department of La-*

*Reported in 366 P. (2d) 213.

*bor & Industries* (1953), 43 Wn. (2d) 584, 262 P. (2d) 536; *Paulson v. Higgins* (1953), 43 Wn. (2d) 81, 260 P. (2d) 318.

This case presents an opportunity to again emphasize this portion of Rule on Appeal 43, without working a hardship on an appellant inasmuch as an affirmance was inevitable. The appellant was confronted with an insuperable legal barrier of a judgment in another action in which the court, entering the judgment, had jurisdiction of the parties and of the subject matter of the controversy. Appellant urged that judgment was of no effect, because of certain claimed irregularities divesting the court of jurisdiction, conceding that he could not attack that judgment collaterally in the present action, unless the court was without jurisdiction to enter that judgment. While these claimed irregularities, in the other action, might have furnished the basis for a direct attack by an aggrieved party, they clearly did not divest the court of jurisdiction.

Judgment affirmed.