[No. 36047.   Department One.   August 16, 1962.]

*In the Matter of the Appeal of the* STATE OF WASHINGTON, *from the confirmation of the* ASSESSMENT ROLL OF LOCAL IMPROVEMENT DISTRICT 5311.*

*The Attorney General* and *James R. Cunningham, Assistant,* for appellant.

*Marshall McCormick, Paul J. Nolan,* and *Quinby R. Bingham,* for respondent.

WEAVER, J.—The state of Washington appeals from a judgment that (a) overrules its objections to the assessment roll of Local Improvement District No. 5311 of the city of Tacoma, and (b) ratifies and confirms the assessments levied against certain property owned by the state.

The local improvement district installed a 12-inch cast iron water main, with necessary appurtenances and three fire hydrants, in Sprague Avenue between South 64th Street

*Reported in 374 P. (2d) 171.

and South 70th Street. Tacoma City Water Division paid a portion of the cost; the balance was assessed against the property abutting Sprague Avenue for a distance of 120 feet from the marginal lines of the street.

The property on the east side of Sprague Avenue is owned by the state. Except for approximately 288 front feet, it is fenced along Sprague Avenue for limited-access highway purposes. The property is vacant except for a very narrow strip of the cement portion of the highway which extends north and south along approximately two-thirds of the east side of the assessed property.

█ In the absence of express statutory authority, a municipality cannot subject lands of the state to a special assessment for local improvements. *Spokane v. Security Sav. Soc.*, 46 Wash. 150, 153, 89 Pac. 466 (1907).

The following statutes are pertinent to the facts of the instant case:

"All lands . . . held or owned by the state of Washington in fee simple (in trust or otherwise), situated within the limits of any incorporated city . . . may be assessed and charged for the cost of local improvements *specially benefiting* such lands which may be ordered by the proper authorities of any such city . . ." RCW 79.44.010 (Italics ours.)

RCW 79.44.020 provides that property held or owned by the state shall bear its proportion of the costs of local improvements in the same manner as other property in the district,

". . . it being the intention of this act that the state shall bear its just and equitable proportion of the cost of local improvements *specially benefiting* state lands . . ." RCW 79.44.020 (Italics ours.)

"Lands held by the state department of highways shall be subject to all of the provisions of chapter 79.44 . . ." RCW 79.44.150.

The legislative intent is clear: lands held by the department of highways are subject to assessment for local improvements if the land is *specially benefited*.

■ Whether property has been "specially benefited" by local improvement is a question of fact. *In re Jones*, 52 Wn. (2d) 143, 146, 324 P. (2d) 259 (1958); *Hargreaves v. Mukilteo Water Dist.*, 43 Wn. (2d) 326, 333, 261 P. (2d) 122 (1953).

In *In re Western Avenue*, 93 Wash. 472, 475, 161 Pac. 381 (1916), we said:

" . . . This court has held upon questions of this character that a conflict in the evidence is not sufficient to justify a reversal of the lower court, and that the order of the lower court confirming the action of the eminent domain commissioners will not be reversed except in cases of fraud, mistake, or arbitrary action amounting to an abuse of discretion, or when based upon a fundamentally wrong basis, which must clearly appear from the evidence. . . ."

After trial on the merits, the court resolved the question of special benefits and entered finding of fact No. VI:

"That the property owned by the State of Washington has been benefitted in a substantial amount through the installation of these cast iron water mains and use has been made of this water facility in the construction of the highway between South 64th and 70th Streets in the City of Tacoma; that said water mains are available for future construction of this highway, for cleaning streets and for landscaping said property owned by the State of Washington; and these mains may further be used by the State of Washington for any new construction or facilities that may be placed along the freeway between South 64th and 70th Streets in the City of Tacoma."

■ The state (appellant) does not claim "fraud, mistake, or arbitrary action amounting to an abuse of discretion," nor does it claim that the finding of fact is "based upon a fundamentally wrong basis." No assignment of error having been directed to it, the finding of fact that the state's property is specially benefited by the local improvement becomes the established fact of the case. Rule on Appeal 43, RCW Vol. 0. See *Tremlin v. Tremlin*, 59 Wn. (2d) 140, 367 P. (2d) 150 (1961).

The finding of the trial court supports its conclusion of law that the local improvement assessment against the

property owned by the state should be ratified and confirmed.

The judgment is affimed.[1]

FINLEY, C. J., DONWORTH, ROSELLINI, and HAMILTON, JJ., concur.

\*Reported in 374 P. (2d) 181.

[1]RCW 79.44.160 provides that the state highway commission may order payment of local improvement assessments from the motor vehicle fund. The relationship, if any, between the statute and Art. 2, § 40 (amendment 18) of the state constitution was not presented in the instant case; hence, the court expresses no opinion thereon. "Constitutional issues not presented to or considered by the trial court will not be considered on appeal." *Long v. Odell, ante* p. 151, 372 P. (2d) 548 (1962).