[No. 37984.   Department Two.   December 16, 1965.]

ERNEST S. MARTIN, *Appellant*, v. FRANKLIN S. CLINTON, *Respondent*.*

*Ralph B. Potts,* for appellant.

*Clinton, Moats, Andersen & Fleck,* by *Newton Paul Moats,* for respondent.

PER CURIAM.—Ernest S. Martin loaned to Franklin S. Clinton the sum of $4,500 to enable the latter to purchase stock in the Cadet Coach Corporation. Martin took a promissory note as evidence of this debt. The suit was upon the note.

The trial court, sitting without jury, found that the parties had made an oral agreement resulting in a complete satisfaction of the debt evidenced by the note. A judgment of dismissal was entered against plaintiff Martin, from which he appeals.

Appellant first contends that there was insufficient evidence to support the "finding for Respondent." Rule on Appeal 42 (a) (7), RCW vol. 0, states in part:

*Reported in 408 P.2d 895.

> Each error relied on shall be clearly pointed out and discussed under appropriately designated headings. . . . Whenever error is assigned to any finding or findings of fact, so much of the finding or findings made or refused as is claimed to be erroneous shall be set out verbatim in the brief . . . .

Rule on Appeal 43 states in part:

> No error assigned to any finding or findings of fact made or refused will be considered unless so much of the finding or findings as is claimed to be erroneous shall be set out verbatim in the brief.

▆▆▆ Appellant, by not setting out verbatim the findings which he claims to be erroneous, has failed to comply with the above rules. Hence, the findings as made by the trial court must be accepted as verities on appeal. Rule on Appeal 43, RCW vol. 0; *Wilson v. Elwin*, 54 Wn.2d 196, 338 P.2d 762 (1959). The purpose of this rule, we again repeat to the bar, is to enable each judge to become informed as to precisely what finding is before the court in order to determine whether or not it is supported by substantial evidence. We are not willing to search the transcript on file in the clerk's office to find out what factual disputes are involved in each particular case. This rule was designed to eliminate such a cumbersome procedure. *State v. James*, 58 Wn.2d 383, 363 P.2d 116 (1961).

The trial court found that the parties orally agreed that appellant would take over respondent's stock in full and complete satisfaction of the note, and that appellant later did, in fact, take over the stock. These findings support the conclusion that appellant took over the stock of respondent in full and complete satisfaction of the debt.

Appellant seeks reversal on the additional ground that he was prevented from receiving a fair trial. This contention is based on a belief that respondent was "unwittingly protected by the court who seemed to have been completely taken in by Respondent." As a result of the court's attitude toward respondent, appellant claims to have been prevented from conducting a proper cross-examination of respondent.

A review of the record reveals nothing improper in the way the trial was conducted by the learned judge. Appellant's claim is without merit.

Judgment affirmed.