[No. 37915. Department Two. February 17, 1966.]

BERNARR F. SHEWBRIDGE et al., Respondents, v. KING COUNTY et al., Appellants.*

Charles O. Carroll, James E. Kennedy, and William L. Paul, Jr., for appellant King County.

Stanley F. Atwood and Hall, Atwood & Sferra, for respondents.

PER CURIAM.—This is an action to recover money damages for the removal of lateral support. King County road 76th Place N.E. extends southeasterly-northwesterly across a sloping hillside. Plaintiffs' property, upon which their residence is located, is uphill from and abuts the south side of the road. Defendant R. R. Morgan owns the property north of the road.

About December 1, 1962, Arthur Lehman, acting for defendant Morgan bulldozed an access road into Morgan's property. In doing so, he undercut the toe of the slope which furnished lateral support to the road causing it to subside and slip downward. December 17 the slide came to the attention of the North King County Road District engineer, who directed Mr. Morgan to take prompt remedial steps to correct the situation to prevent further sliding as the potential danger to plaintiffs' property was recognized.

At Morgan's direction Lehman had begun to repair the damage when he was notified by the county engineer's office to cease work and remove his equipment from the county right of way. Although the county was well advised of the situation, it did nothing. Plaintiffs' residence suffered substantial damage as did the county road. By time of trial, July 13, 1964, the county had taken no steps to repair the road since the slide had occurred and the road remained impassable.

The trial court entered judgment against the county and Morgan jointly and severally for $27,500 damages suffered by plaintiffs. Defendant Morgan joined in the county's appeal, but did not appear further. We treat the county as the sole appellant.

The county makes three assignments of error. The first two relate to the same thing—the court's finding that if defendant Morgan had not been stopped by the county, but had been permitted to continue the remedial action that was being taken, the damage to plaintiffs' property would not have occurred.

Rule on Appeal 42(a)(7), RCW vol. 0[1] requires that so much of the findings of fact

as is claimed to be erroneous shall be set out verbatim in the brief and reference made thereto by number in the "assignments of error."

*Reported in 411 P.2d 155.

___

[1] Rule on Appeal 42(a)(7) has been amended, effective January 2, 1966. It has become Rule on Appeal 42(g)(1)(iii), 66 Wn.2d li.

The county's first two assignments of error do not meet the requirements of the rule in two respects: the challenged findings of fact are not set forth verbatim, nor are they referred to by number. Rule on Appeal 43, RCW vol. 0, in unequivocal and unambiguous language, states that unless this is done the court cannot consider the assigned error. The findings of fact must be accepted as verities. *Bignold v. King Cy.,* 65 Wn.2d 817, 399 P.2d 611 (1965); *Martin v. Clinton,* 67 Wn.2d 608, 408 P.2d 895 (1965). In *Malnati v. Ramstead,* 50 Wn.2d 105, 309 P.2d 754 (1957), quoting with approval from *Knatvold v. Rydman,* 28 Wn.2d 178, 182 P.2d 9 (1947), the court said:

"It is not our function or duty to search the record for errors, but only to rule as to errors specifically claimed."

In oral argument (which was tape recorded) before this court, counsel specifically abandoned the third assignment of error.

Judgment affirmed.