[No. 38281.    Department One.    November 3, 1966.]

BRADFORD A. CAFFREY, *Appellant*, v. CHEM-IONICS CORPORATION *et al.*, *Respondents.**

*Bradford A. Caffrey*, for appellant.

*Edgar R. Rombauer*, for respondents.

PER CURIAM.—The present action is by a lawyer against a former client to recover compensation on a quantum meruit basis.

The lawyer had taken a case on a contingent fee and had commenced an action for his client to recover $5,182.06. We shall refer to that as the original action to distinguish it from the present action. Thereafter, the defendant, in the original action, answered and cross-complained for "roughly fifty thousand dollars."

*Reported in 419 P.2d 809.

Differences between the lawyer and his client led to a severance of the lawyer-client relationship. A demand for answer to interrogatories, made by the defendant in the original action and served on the lawyer, not being answered, the defendant therein moved for a dismissal, and this motion was heard on September 20, 1963.

The judge of the superior court (the Honorable F. A. Walterskirchen) who was to hear the motion to dismiss, received a letter prior to the hearing from the lawyer wherein he stated that he had been discharged "quite some time ago." This was apparently to explain why he had taken no action in connection with the interrogatories. We quote a sentence from the letter:

I have not withdrawn from the case, as I have not been paid, and in addition thereto I am exercising an attorney's lien on all of the papers and documents that Mr. Dyson gave to me at the beginning of this action.

The lawyer was present at the hearing on September 20, 1963, and it is clear that he was there to assert his attorney's lien on the papers in his possession until some arrangement was made relative to compensation for his services.

It is clear, too, that the lawyer's status as the attorney of record was terminated at that time by Judge Walterskirchen. The motion to dismiss was continued for 20 days to give the client time to secure a new attorney and to answer the interrogatories. A minute entry appears in the court journal relative to that case:

Counsel for Plaintiff Order to Withdraw and given 40% Contingency Attorney Lien for work.

Thereafter the original action was settled by the client acting through newly employed counsel. The basis of the settlement was a dismissal of both the complaint and the cross complaint, each dismissal being with prejudice (October 14, 1963). Consequently there was no basis for the computation of a contingent fee. There is no contention that this settlement was made with any intent to deprive the lawyer of his fee.

The present action was filed June 26, 1964, by the lawyer

against his former client to recover a fee of $600, based on quantum meruit, plus a fee of $250 for bringing the present action.

Judge Walterskirchen having ruled as to what the lawyer's compensation should be, the crucial question on the present trial is whether or not at the hearing on September 20, 1963, the lawyer had submitted to Judge Walterskirchen the issue of what his fee should be. The trial court made the following finding of fact:

> That the plaintiff submitted the question of his fees due from his then client, the defendant herein, to the Honorable F. A. Walterskirchen, at a hearing held on September 20, 1963 in King County Cause No. 596259, and that at said hearing, plaintiff argued the matter of fees to said Judge.

From this finding, the trial court drew the following conclusion of law:

> That the plaintiff having submitted and argued the matter of fees before one of the Judges of the Superior Court for King County at a previous hearing, renders the matter now, res judicata and the plaintiff's complaint herein must be dismissed with prejudice and costs awarded to the defendants.

A judgment of dismissal was entered. From that judgment this appeal is prosecuted.

Our Rule on Appeal 43 states, *inter alia:*

> In appeals from all actions at law or in equity tried to the court without a jury, the findings of fact made by the court will be accepted as the established facts in the case unless error is assigned thereto.

■ The lawyer-appellant contends that he did not submit the matter of fees to Judge Walterskirchen. However, he makes no direct reference to the quoted finding of fact in his assignments of error. No error having been assigned to the finding of fact which we have quoted, it must, as the rule states, be accepted as stating the established facts in the case. *Dickson v. Hausman,* 68 Wn.2d 368, 370, 413 P.2d 378 (1966); *Bignold v. King Cy.,* 65 Wn.2d 817, 820, 399 P.2d 611 (1965); *Harris v. Harris,* 63

Wn.2d 896, 389 P.2d 655 (1964); *Hoke v. Stevens-Norton,*
Inc., 60 Wn.2d 775, 375 P.2d 743 (1962); *In re Assessment
Roll of LID 5311,* 60 Wn.2d 380, 374 P.2d 171 (1962); *Fain
v. Nelson,* 57 Wn.2d 217, 356 P.2d 302 (1960).

The appellant's first two assignments of error, *i.e.,*

1. The Court erred in holding that Judge Walter-
skirchen had decided the issues between the parties
herein.

2. The Court erred in holding that Judge Walter-
skirchen had the issues presented in the instant case
before it in the previous hearing.

might be considered as being aimed at, or in the general
direction of, the quoted finding of fact.

However, Rule on Appeal 43 further states:

No error assigned to any finding or findings of fact made
or refused will be considered unless so much of the
finding or findings as is claimed to be erroneous shall
be set out verbatim in the brief.[1]

(We have been at some pains to say that "verbatim" as
used in this rule means *verbatim. Iverson v. Graham,* 59
Wn.2d 96, 366 P.2d 213 (1961).)

There has been no compliance with Rule on Appeal 43
in form or substance. Appellant's assignments of error
quoted do not meet the requirements for an assignment
of error directed against a finding of fact. *Martin v. Clinton,*
67 Wn.2d 608, 408 P.2d 895 (1965); *Nystrand v. O'Malley,*
60 Wn.2d 792, 375 P.2d 863 (1962); *Iverson v. Graham,
supra.*

In *Martin v. Clinton, supra,* after citing the applicable
rules, we said:

Appellant, by not setting out verbatim the findings
which he claims to be erroneous, has failed to comply
with the above rules. Hence, the findings as made by
the trial court must be accepted as verities on appeal.
(p. 596)

We must accept as a fact that the lawyer did submit the

---

[1]Rule on Appeal 42 (g)(1)(iii) adds to the verbatim requirement
that the finding to which error is assigned must be designated by
number.

question of the fee he was to receive from his then client to Judge Walterskirchen at the hearing on September 20, 1963.[2] The judgment of dismissal is, therefore, affirmed.

[2]We would point out that this appeal is on a short record. The statement of facts contains none of the testimony or evidence introduced before the trial court, except the testimony of one witness by whom the lawyer sought to establish the value of his services on a quantum meruit basis. Had there been a proper assignment of error to the finding that the lawyer submitted the question of the fees due him to Judge Walterskirchen at the hearing on September 20, 1963, we would still be in the position of having to accept that finding as a verity, inasmuch as on this record it was impossible to show that the finding was not supported by substantial evidence—the appellant having failed to include in the statement of facts any testimony as to what transpired at the hearing on September 20, 1963.