[No. 39949.    Department Two.    February 21, 1968.]

WILLIAM R. GRIP, *Appellant*, v. BUFFELEN WOODWORKING COMPANY et al., *Respondents.**

*Reported in 437 P.2d 915.

*Jack E. Tanner,* for appellant.

*Conrad, Kane & Vandeberg* and *Elvin J. Vandeberg,* for respondents.

WARD, J.†—The plaintiff, William R. Grip, brought this action against the corporate defendant, Buffelen Woodworking Company, and against eight of its board of directors. He prayed for the following relief:

> WHEREFORE, the petitioner prays that an order be entered directing the Clerk of the above entitled Court to issue an alternate writ of mandate to each of the above named defendants directing them to immediately make available to the petitioner the position on the Board of Directors to which he was duly and regularly elected to on June 3, 1967, or to appear and show cause why such has not been done, and the petitioner further prays that the order require the service upon each of the defendants a copy of this petition together with the supporting affidavit.

In his petition, the plaintiff claimed that he was elected as one of the directors of the corporation at its annual stockholders' meeting on June 3, 1967, but has been denied the position by the defendants.

The facts were virtually undisputed, and no assignment of error is based on the court's findings of fact. The material findings are that at the stockholders' annual meeting, nine directors were to be elected. However, only eight were elected and "[t]he plaintiff and one Ed Richards tied for ninth place each receiving 248 votes."

The plaintiff implies that there was irregularity in the canvassing of the election returns. It is true that the first count of the ballots showed that plaintiff had received 248 votes and that Ed Richards had received 247 votes. However, the evidence established without contradiction that on the Monday following the election, June 5, 1967, the ballot

---

†Judge Ward is serving as a judge pro tempore of the Supreme Court pursuant to Art. 4, § 2(a) (amendment 38), state constitution.

committee met and made a complete and careful recanvass of the ballots, and found errors in the number of ballots cast for three of the directors as reported on the first count on the day of the election. One of the errors, when corrected, resulted in the tie vote between plaintiff and Ed Richards. The evidence showed that due care had been taken to avoid tampering with the ballots between the time of the preliminary canvass on Saturday and the recanvass on Monday. The ballot box, with the votes inside, was locked by the chairman of the ballot committee and kept in the company vault until reopened by the ballot committee on Monday. The ballots, after recanvass, were then turned over to the company's certified public accountant who made an independent audit and confirmed the tie vote for the position of ninth director.

The practice of having a preliminary canvass on the day of the election and a more careful recanvass of the ballots by the election committee on the following Monday was not an innovation resorted to for this particular election. There was undisputed evidence that this had been the established practice at each annual election since 1955. The ballots were recanvassed so as to be able to make a more careful count, free from the confusion of the annual meeting. The recount showed a total of 3,879 votes cast for directors upon 431 ballots. No bylaw of the corporation provided for the recanvass of the ballots, but the trial court, in his oral memorandum, said:

> Certainly it would be the opinion of the Court that the By-Laws did not require any certain methods of counting shareholders votes, and it would seem to the Court that a recount by the Ballot Committee, and particularly by an accountant to whom it was turned over, these ballots would constitute the fairest and best methods in determining just exactly what did the shareholders vote for, and who did they vote for.

On the court's finding that the election resulted in a tie vote for the ninth position, the writ was dismissed.

Petitioner makes two assignments of error: "1. The trial court erred in refusing to grant appellant a Writ of Manda-

mus. 2. The trial court erred in dismissing appellant's petition."

It is the petitioner's position that the election results first announced on the date of the annual meeting, must be accepted as final and determinative of his right to the office of director. This claim is based on RCW 23.01.280(3), a portion of the former Business Corporations Act, which required that any meeting at which directors are to be elected "shall be adjourned only from day to day until such directors have been elected." He maintains that the recount procedure, used in determining the election results, violated this statutory provision and the final count was therefore a nullity.

■ We do not agree. A recount of votes after adjournment cannot be considered violative of the statute. The recount was a ministerial act only, resorted to for the purpose of establishing accurately the results of the election. It was not an election.

The court's determination expressed in the order dismissing the alternative writ of mandamus, was predicated on finding of fact No. 4, reading as follows: "Ralph Dickman, Paul Duncan, Dwight Fronsman, Robert Fuhrman, Roy McGinn, Art Nickelson, Orville Olson and Orville Ose were the eight candidates who received the highest number of votes. The plaintiff and one Ed Richards tied for ninth place each receiving 248 votes."

■ If this finding of fact is correct, we may not set aside the trial court's determination that the petitioner is not entitled to the position of director of the corporation. We are not, on the record before us, permitted to review the correctness of finding of fact No. 4. An appellate review of the correctness of findings of fact made by the trial court may be had only when ROA 43, RCW vol. 0, has been complied with.[1] *In re State's Appeal,* 60 Wn.2d 380, 374

---

[1] Rule on Appeal 43 provides in part: "In appeals from all actions at law or in equity tried to the court without a jury, the findings of fact made by the court will be accepted as the established facts in the case unless error is assigned thereto. No error assigned to

P.2d 171 (1962); *Rutter v. Rutter*, 59 Wn.2d 781, 370 P.2d 862 (1962).

The petitioner did not comply with either facet of this rule. He neither assigned error to finding No. 4 nor did his brief set out the finding he now seeks to challenge. We must therefore accept as true the court's determination that the petitioner tied with Ed Richards. There being such tie vote, the petitioner is not entitled to a writ of mandamus putting him in office as a director.

In oral argument, the plaintiff urged that this court review and set aside the action taken by eight members of the board of directors of the defendant corporation at a meeting of the board held on June 12, 1967. This action of the board is reflected in finding No. 5 and conclusion of law No. 2. Finding of fact No. 5 stated: "On June 12, 1967, one Norman O. Cruver was appointed to the ninth position on the Board of Directors of Buffelen Woodworking Company." Conclusion of law No. 2 stated: "The failure of the stockholders to elect a director to the ninth position of the Board of Directors of Buffelen created a vacancy on the Board that was properly filled by the appointment of Norman O. Cruver to the Board of Directors of the corporation."

The plaintiff urges that such method of selecting a director in the event of a tie vote contravenes both the corporate bylaws and the statutory provisions of the Business Corporations Act and that as a result the shareholders were disenfranchised.

On the record before us, however, we must decline the invitation to review the action of the board. The claimed illegality of the action by the board was not argued in the plaintiff's written brief filed in this court, and no assignment of error is based on this claim of illegal action. Rule on Appeal 43, RCW vol. 0, provides, in part: "No alleged error of the superior court will be considered by this court

any finding or findings of fact made or refused will be considered unless so much of the finding or findings as is claimed to be erroneous shall be set out verbatim in the brief. . . ."

unless the same be definitely pointed out in the 'assignments of error' in appellant's brief." *Schneider v. Forcier,* 67 Wn.2d 161, 406 P.2d 935 (1965).

Neither may we, on the record before us, review the correctness of finding of fact No. 5 because ROA 43 was not complied with in assigning any error to this finding, nor in setting it out verbatim in the brief filed.

We note also that, although the trial court, both in its oral memorandum opinion and in finding of fact No. 5 and conclusion of law No. 2, purported to indicate approval of the action taken by the board of directors at its June 12 meeting, the judgment entered by the trial court fails to make any adjudication based upon such finding and conclusion. The decretal portion of the judgment (designated "Order Dismissing Writ") is as follows: "[I]t is ORDERED, ADJUDGED AND DECREED that the Alternative Writ of Mandamus heretofore issued by the Court be and the same is hereby dismissed."

Nothing further is decided by the court in this case. The judgment entered makes no adjudication approving the legality of the proceeding followed by the board of directors on June 12, nor does the judgment confirm title to the office of director in Mr. Cruver. The effect of the judgment cannot be enlarged by implication beyond its plainly expressed context. The only relief asked by the petitioner has been set out at the beginning of this opinion. He asked for a writ placing him in office as director. The judgment entered denied him such writ. Nothing further is determined by the judgment entered. An appeal does not lie from anything other than a formal written final order or judgment signed by the judge and entered upon the records of the court, unless authorized by statute. *In re Campbell,* 38 Wn.2d 140, 231 P.2d 312 (1951); *State ex rel. Lynch v. Pettijohn,* 34 Wn.2d 437, 209 P.2d 320 (1949). This court is not permitted to consider a determination set out in a memorandum opinion of the trial court unless a final judgment is entered. *In re Christensen's Estate,* 77 Wash. 629, 138 Pac. 1 (1914); *Ullom v. Renton,* 5 Wn.2d 319, 105 P.2d 69 (1940); *Chandler v. Doran Co.,* 44 Wn.2d 396, 267 P.2d

907 (1954). Nor can it review the findings of fact and conclusions of law unless a judgment be entered which is based upon findings and conclusions. *Wilson v. Hubbard,* 39 Wash. 671, 82 Pac. 154 (1905); *Westmoreland Co. v. Howell,* 62 Wash. 146, 113 Pac. 281 (1911); *Magee v. Risley,* 82 Wash. 178, 143 Pac. 1088 (1914). Neither the memorandum opinion nor the findings and conclusions standing alone, without entry of a judgment predicated thereon, constitute an appealable determination. Rule on Appeal 14, RCW vol. 0; 4 Am. Jur. 2d *Appeal and Error* § 76 (1962); 73 A.L.R.2d 250 (1960).

We conclude that the legality of the board's action on June 12, 1967, is a matter which has never been finally determined by the trial court and that the question is not subject to appellate review until there first be an adjudication expressed in a judgment of the trial court.

The judgment is affirmed.

FINLEY, C. J., HUNTER, HAMILTON, and NEILL, JJ., concur.

*Reported in 437 P.2d 897.