■ LEE TILLMAN, Respondent, v. COMMERCIAL CREDIT CORPORATION, Appellant.— Order of the Supreme Court, Suffolk County, dated May 21, 1967, modified, on the law and the facts, by striking out the second and third decretal paragraphs and by adding a provision, in lieu of those paragraphs, that the determination is without prejudice to plaintiff's right to pursue whatever remedies are available to him for redress of damages suffered in the period of time during which defendant retained the automobile after plaintiff tendered payment of the first monthly instalment on the conditional sale contract. As so modified, order affirmed, with costs to respondent. The trial court was without power to recast the terms of the contract, that is, to fix new dates for payment of monthly instalments. Beldock, P. J., Christ, Benjamin, Munder and Martuscello, JJ., concur.

■

## (April 8, 1968)

■ MURRAY BLOOM, Appellant-Respondent, v. TREPMAL CONSTRUCTION CORP., Defendant, and SYLVIA LAMPERT, Respondent-Appellant. — In an action against the maker and a guarantor of a note, the cross appeals are from a judgment of the Supreme Court, Nassau County, entered May 19, 1967 after a nonjury trial, which adjudged that plaintiff recover of defendants the amount of the note ($5,000), interest at the rate of 6% from January 1, 1964, counsel fees and costs as taxed. The appeal by the plaintiff is from so much of the judgment as limited interest to 6%. The appeal by the individual defendant is from so much of the judgment as granted recovery of any sum in excess of $5,000. Judgment modified, on the law and the facts, by striking out the award of interest, which is at the rate of 6% from January 1, 1964, and by substituting therefor a provision awarding interest at the rate of 2% a month from January 29, 1964; and case remitted to the court below for the entry of an amended judgment in accordance herewith. As so modified, judgment affirmed, with costs to plaintiff. The note provided for interest at the rate of 1¾% per month payable in advance. It also provided that "Interest in [sic] the indebtedness evidenced by this note after default or maturity shall be due and payable at the rate of (2)% per month." The provision fixing interest at the rate of 2% per month after default or maturity was a valid and enforcible provision (*Union Estates Co.* v. *Adlon Constr. Co.,* 221 N. Y. 183; *Slavin* v. *Myles Realty Co.,* 227 N. Y. 51). Beldock, P. J., Christ, Brennan, Rabin and Hopkins, JJ., concur.