[No. 9-40022-3.    Division Three.    December 29, 1969.]

UNION BANK, *Appellant*, v. LEONARD C. KRUGER *et al.*, *Defendants*, BUDDY KIRIHARA *et al.*, *Respondents.*

*R. G. Schimanski,* for appellant.

*William A. Franke* and *William F. Nielsen,* for respondents.

MUNSON, J.—Appellant, Union Bank, a California corporation, appeals from a judgment dismissing its action on a note against codefendants-respondents Buddy and Betty

Ann Kirihara as continuing guarantors. The defendants Kruger are the parents of Betty Ann Kirihara. A default judgment was entered against the Krugers and they are not parties to this appeal.

On October 30, 1964, the Krugers, as lessors, entered into a lease with the Kiriharas, as lessees, to lease a certain drive-in restaurant and equipment located in Spokane, Washington. On November 13, 1964, Kruger assigned this lease and all payments due thereunder to the appellant as security for a loan he was negotiating. On the same day, at the Dishman Branch of the Seattle-First National Bank, Buddy Kirihara signed an "approval and acceptance" clause contained in a notice of assignment of the Kruger-Kirihara lease to the appellant. At the same time, the Kiriharas also executed a "continuing guaranty" in favor of the appellant for credits to be given Kruger in the future, not to exceed $20,000. Subsequently, the Kiriharas made their monthly lease payments of $400 to appellant.

After receiving the continuing guaranty, lease assignment, and Kruger's financial statement, appellant loaned Kruger $15,000 on a note dated January 4, 1965 which, including principal and precomputed interest, totaled $16,488.20. It was payable by January 20, 1966 in 11 monthly payments of $500 each and one installment of $10,988.20. The note contained a clause which provided for a late charge of 5 per cent per month on any delinquent payment. However, under the terms of the continuing guaranty the Kiriharas were liable only for the amount owing on the principal obligation at the time of default and not the late charges.

In early 1966, Kruger and the Kiriharas desired to terminate their business relationship. In January 1966, the Kiriharas' attorney informed appellant by letter and telephone that: (1) The business ties between Kruger and the Kiriharas would be terminated in the near future; (2) the lease of October 30, 1964 would be canceled; and (3) the Kiriharas wanted copies of all instruments executed by

them in favor of the appellant so they could evaluate the Kirihara business relationship with Kruger and appellant.

The amount due January 20, 1966 was $6,069.83, including interest to that date. Kruger was unable to pay. He attempted to refinance the obligation but failed to satisfy the appellant's requirements. For several months appellant continued to receive $400 a month—the monthly sum due under the lease assignment. Appellant was unaware that Kruger was the source of the payments. The lease was canceled by the Krugers and the Kiriharas in February 1966, and the Kiriharas assumed the Krugers' contract to purchase the drive-in without any provisions for possible future liability under the continuing guaranty. Kruger stopped making payments to appellant in August 1966. However, it was not until October 1966 that appellant learned of the cancellation of the lease and subsequently brought this action.

Respondents first raise a question of procedure which deserves an answer. Appellant assigns error to the trial court's refusal to accept its proposed findings of fact, which are set forth verbatim in its brief. Appellant proceeds to argue against the findings signed by the trial court, but they are not set forth in its brief. Respondents claim this manner of proceeding does not conform with CAROA 42 (g) (1) (iii) and CAROA 43 which state, in part:

(CAROA 42 (g) (1) (iii))

Whenever error is assigned to any finding or findings of fact, so much of the finding or findings made or refused as is claimed to be erroneous, shall be set out verbatim in the brief and reference made thereto by number of the "assignments of error." No assignment of error is required when a petitioner is seeking a writ involving the original jurisdiction of this court.

(CAROA 43)

No alleged error of the superior court will be considered, unless the same be definitely pointed out in the "assignments of error" in appellant's brief. In appeals from all actions at law or in equity tried to the court without a jury, the findings of fact made by the court

will be accepted as the established facts in the case unless error is assigned thereto. No error assigned to any finding or findings of fact made or refused will be considered unless so much of the finding or findings as is claimed to be erroneous shall be set out verbatim in the brief.

The purpose of CAROA 42 (g) (1) (iii) and CAROA 43 is to enable each judge on appeal to be informed as to precisely what finding is before the court and whether there was substantial evidence to support it without searching the entire record. *Martin v. Clinton*, 67 Wn.2d 608, 408 P.2d 895 (1965).

These two rules contemplate that the findings which the court made, and to which the appellant assigns error, must be set forth verbatim. *Caffrey v. Chem-ionics Corp.*, 69 Wn.2d 641, 644, 419 P.2d 809 (1966); *Nystrand v. O'Malley*, 60 Wn.2d 792, 794, 375 P.2d 863 (1962); *Iverson v. Graham*, 59 Wn.2d 96, 366 P.2d 213 (1961); *Hill v. Tacoma*, 40 Wn.2d 718, 246 P.2d 458 (1952). Unless the findings of fact which the court made are directly challenged, by setting them forth verbatim, and an assignment of error made directly to such finding or findings, they shall not be reviewed on appeal. The language of the rules, relating to finding or findings refused, means those proposed findings submitted by a party and rejected by the court for which there is no contradictory finding made. No error having been assigned to any of the findings of fact made by the trial court in the instant case, they shall be treated as verities. *Weiss v. Weiss*, 75 Wn.2d 596, 452 P.2d 748 (1969).

We must then determine whether the findings made by the court support the conclusions of law and judgment. The trial court held the continuing guaranty given by the Kiriharas, prior to the granting of the loan, must be supported by independent consideration. We disagree. The law in Washington is well established. A benefit moving to the principal alone, contemporaneous with or subsequent to the execution of the guaranty, is sufficient consideration to

support the guarantor's promise. *Universal C.I.T. Credit Corp. v. DeLisle,* 47 Wn.2d 318, 287 P.2d 302 (1955); *Pacific Nat'l Bank v. Aetna Indem. Co.,* 33 Wash. 428, 74 P. 590 (1903). In the case at hand, the continuing guaranty was executed by the Kiriharas prior to the loan. The signed guaranty and the lease assignment were in the possession of the appellant, unrevoked at the time the loan was granted, and appellant had the right to rely thereon in making the loan.

The trial court also held the note executed by Kruger to appellant was, by its terms, usurious since it contained the 5 per cent per month late charge provision relating to delinquent payments. We must again disagree with the trial court.

■ The general rule is that a provision in a note for the payment of money by which the debtor agrees to pay, after maturity, interest at a higher rate than that which is permitted by law, is not sufficient to render the note usurious, provided the parties concerned act in good faith and do not intend to evade the usury law. *Blake v. Yount,* 42 Wash. 101, 84 P. 625 (1906); 45 Am. Jur. 2d *Interest and Usury* § 182, 144. There is no evidence that the parties intended to evade the usury law or that they acted other than in good faith when this note was executed.

■ Also, when the contingency, upon which the excessive interest comes into existence, is solely within the borrower's control, and not the lender's, the transaction is not usurious. *Bloom v. Trepmal Constr. Corp.,* 29 App. Div. 2d 951, 289 N.Y.S.2d 447 (1968); *United Am. Life Ins. Co. v. Willey,* 444 P.2d 755 (Utah 1968); *Penzner v. Foster,* 170 Cal. App. 2d 106, 338 P.2d 533 (1959); *Abbot v. Stevens,* 133 Cal App. 2d 242, 284 P.2d 159 (1955); *Easton v. Butterfield Live Stock Co.,* 48 Idaho 153, 279 P. 716 (1929); *Florida Land Holding Corp. v. Burke,* 135 Misc. 341, 238 N.Y.S. 1 (1929); *State Mut. Rodded Fire Ins. Co. v. Randall,* 232 Mich. 210, 205 N.W. 165, 41 A.L.R. 973 (1925); 91 C.J.S. *Usury* § 31 a., c., and e.(2), 608 *et seq.* (1955).

The purpose of the late charge clause in the instant note was to induce prompt payment of the obligation. The borrower, Kruger, could have avoided the increased interest charge by prompt payment. The note was not, by its terms, usurious.

■ The trial court made the following findings:

### X.

The defendants Kirihara relied upon the silence of the plaintiff bank, reasonably assuming said silence meant consent to the cancellation of the Kruger to Kirihara lease and that there were no documents that had been executed by the Kiriharas which in any way would effect the termination of the Kirihara-Kruger business relationship.

### XI.

Had the defendants Kirihara or their attorney known of the documents executed by defendants Kirihara, to-wit, the "Approval and Acceptance" relating to the Kruger assignment of the lease to the bank, and/or the Continuing Guaranty, arrangements would have been made between the Kiriharas and Krugers to protect the Kiriharas from any future contingent liability to plaintiff bank and to properly terminate any liability then existing to said bank.

resulting in the following conclusion of law:

### V.

The plaintiff is estopped from enforcing, as to the defendants Kirihara, the Kruger to Kirihara lease of October 30, 1964, and/or the Continuing Guaranty executed by the defendants Kirihara on November 13, 1964.

The conclusion that estoppel applies to the continuing guaranty is not well taken. The elements of estoppel, as to the party claiming the estoppel, are: (1) lack of knowledge and the means of knowledge of the truth as to the facts in question; (2) reliance upon the conduct of the party estopped; and (3) action based thereon of such a character as to change his position prejudicially. *Stouffer-Bowman, Inc. v. Webber*, 18 Wn.2d 416, 427-428, 139 P.2d 717 (1943).

628

While the silence of appellant may work as an estoppel as to the cancellation of the lease, *i.e.*, a business relationship, there is no finding that the continuing guaranty was given on any business basis. Nor, is there a finding that respondents lacked the means of knowledge as to the existence of such guaranty. Respondents were concluding a business transaction with Kruger, who was the primary debtor on the note, secured in part by respondents' guaranty. Kruger must be held to possess some knowledge of his own financial affairs and the basis on which this loan was granted. Respondents' counsel knew enough to inquire of appellant about any documents pertaining to their relationship, yet there is no finding, nor any evidence to support such a finding, that they ever made inquiry of Kruger. Appellant was not the only means of knowledge concerning their transactions. Therefore, the first element of estoppel is lacking and, as a result, comment upon the second and third requirements is unnecessary.

Judgment is reversed and the cause remanded to the trial court to enter judgment in accordance herewith.

EVANS, C. J., and GREEN, J., concur.

---

Petition for rehearing denied January 21, 1970.